## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LINDA MELLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04 - 10644 - MEL |
| | ) | |
| TRUSTEES OF BOSTON UNIVERSITY | ) | |
| AND FRANCES A. DROLETTE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### AMENDED ANSWER

Defendants Trustees of Boston University (the "University") and Frances A. Drolette ("Drolette") (Defendants are sometimes referred to jointly as "Defendants" or the "University"), respond to the numbered paragraphs in Plaintiff's Complaint as follows.

1.      The University admits the allegations contained in Paragraph 1 of the Complaint.

2.      The University admits the allegations contained in Paragraph 2 of the Complaint, except that its principal place of business is One Sherborn Street, Boston, Massachusetts.

3.      The University admits the allegations contained in the first two sentences of Paragraph 3 of the Complaint, but denies the remaining allegations.

4.      The University admits the allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains a conclusion of law to which a responsive pleading is not required.

6.      Paragraph 6 of the Complaint contains a conclusion of law to which a responsive pleading is not required.

7.      Paragraph 7 of the Complaint contains a conclusion of law to which a responsive pleading is not required.

8.      The University admits that it has its principal place of business in the Commonwealth of Massachusetts, and that it employed Plaintiff within the Commonwealth, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      The University admits that Defendant Drolette resides in the Commonwealth of Massachusetts, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     The University admits the allegations contained in Paragraph 10 of the Complaint.

11.     The University admits the allegations contained in Paragraph 11 of the Complaint, but states that Plaintiff was assigned to the position of Budget Coordinator in 1983, then assigned to the position of Budget Manager in 1992, and then, in 1998, to the position of Financial Manager for the School of Public Health.

12.     The University admits that over more than twenty-five years of employment, Plaintiff's annual salary rose from approximately $8,300 to approximately $75,500, but denies the remaining allegations of Paragraph 12 of the Complaint.

13.     The University admits the allegations contained in Paragraph 13 of the Complaint.

14.     The University admits the allegations contained in Paragraph 14 of the Complaint.

15.     The University denies the allegations contained in Paragraph 15 of the Complaint.

16.    The University admits that Plaintiff was encouraged to use her accrued vacation time, subject to her ability to perform the responsibilities of her job, but denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.    The University admits the allegations contained in Paragraph 17 of the Complaint.

18.    The University denies the allegations contained in Paragraph 18 of the Complaint.

19.    The University admits the allegations contained in Paragraph 19 of the Complaint.

20.    The University admits that Plaintiff's request for intermittent family leave was approved, and further admit that Defendant Drolette wrote that "it is challenging to plan and manage the office objectives with [Plaintiff's] sporadic absences."  Defendant Drolette denies Plaintiff's characterization of her communication as a "complaint."

21.    The University admits that Plaintiff began her family leave on August 4, 2003, and that she told her colleagues that she could make herself available during her leave, but further state that in fact she was not available.  Defendant Drolette admits that she was on vacation in the two weeks that immediately preceded the beginning of Plaintiff's leave, but further states that she contacted Plaintiff on a daily basis during the first week of her vacation, and sporadically during the second week.  Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.    The University denies the allegations contained in Paragraph 22 of the Complaint.

23.    The University denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant Drolette admits that she proposed the creation of an analyst position in approximately September of 2003, but denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit that George Snowdon, the University's Director of Personnel for the Medical Campus, "agreed to seek legal counsel."  Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.     The University admits the allegations contained in Paragraph 26 of the Complaint.

27.     In response to the allegations contained in Paragraph 27 of the Complaint, Defendants deny that Drolette "falsely" told Plaintiff that she was expected to work on October 6, 2003, but admit that Defendant Drolette did tell Plaintiff that she expected Plaintiff to return to work on that date.  .

28.     The University denies the allegations contained in Paragraph 28 of the Complaint.

29.     With regard to Paragraph 29 of the Complaint, Defendants deny that Drolette "falsely stated" anything.  However, Defendant Drolette admits that she told Mr. Snowdon that Plaintiff had promised to return to work in September 2003.

30.     The University denies the allegations contained in Paragraph 30 of the Complaint.

31.     The University admits the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint, and further state that they had no obligation to "request additional medical information . . . supportive of Plaintiff's entitlement to family leave."

33.     Drolette's October 24, 2003, letter speaks for itself.  Defendants admit that portions of that letter are quoted accurately, and that Plaintiff had not been present at work since August 3, 2003.  Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.     The University denies the allegations contained in Paragraph 34 of the Complaint.

35.    The University denies the allegations contained in Paragraph 35 of the Complaint.

36.    The University denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit that Plaintiff sent a letter dated November 19, 2003, which contains the words "threatening" and "unsafe," and deny the remaining allegations of Paragraph 37 of the Complaint.

38.    The University denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants admit that Plaintiff's attorney sent a letter dated November 20, 2003, which speaks for itself.  The remainder of the allegations contained in Paragraph 39 of the Complaint do not require a responsive pleading.

40.    The University denies the allegations contained in Paragraph 40 of the Complaint.

41.    The University denies the allegations contained in Paragraph 41 of the Complaint.

42.    The University denies the allegations contained in Paragraph 42 of the Complaint.

43.    The University denies the allegations contained in Paragraph 43 of the Complaint.

44.    The University admits the allegations contained in Paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint asserts conclusions of law to which a responsive pleading is not required.  To the extent Paragraph 45 contains allegations of fact, they are denied.

46.    Paragraph 46 of the Complaint asserts conclusions of law to which a responsive pleading is not required.

47.    Paragraph 47 of the Complaint asserts conclusions of law to which a responsive pleading is not required.  To the extent Paragraph 47 contains allegations of fact, they are denied.

48.    The University denies the allegations contained in Paragraph 48 of the Complaint.

49.     The University denies the allegations contained in Paragraph 49 of the Complaint.

50.     The University denies the allegations contained in Paragraph 50 of the Complaint.

51.     The University denies the allegations contained in Paragraph 51 of the Complaint.

52.     The University denies the allegations contained in Paragraph 52 of the Complaint.

53.     The University denies the allegations contained in Paragraph 53 of the Complaint.

54.     The University denies the allegations contained in Paragraph 54 of the Complaint.

55.     The University denies the allegations contained in Paragraph 55 of the Complaint.

56.     The University denies the allegations contained in Paragraph 56 of the Complaint.

57.     The University denies the allegations contained in Paragraph 57 of the Complaint.

58.     The University denies the allegations contained in Paragraph 58 of the Complaint.

59.     The University denies the allegations contained in Paragraph 59 of the Complaint.

60.     The University denies the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint asserts conclusions of law to which a responsive pleading is not required.  To the extent Paragraph 61 contains allegations of fact, they are denied.

62.     The University denies the allegations contained in Paragraph 62 of the Complaint.

63.     The University denies the allegations contained in Paragraph 63 of the Complaint.

64.     The University denies the allegations contained in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint asserts conclusions of law to which a responsive pleading is not required.

66.     The University denies the allegations contained in Paragraph 66 of the Complaint.

67.    The University denies the allegations contained in Paragraph 67 of the Complaint.

68.    The University denies the allegations contained in Paragraph 68 of the Complaint.

69.    The University denies the allegations contained in Paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint asserts conclusions of law to which a responsive pleading is not required.  To the extent Paragraph 70 contains or suggests allegations of fact, they are denied.

71.    The University denies the allegations contained in Paragraph 71 of the Complaint.

72.    The University denies the allegations contained in Paragraph 72 of the Complaint.

73.    The University denies the allegations contained in Paragraph 73 of the Complaint.

74.    The University denies the allegations contained in Paragraph 74 of the Complaint.

75.    The University denies the allegations contained in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint asserts conclusions of law to which a responsive pleading is not required.

77.    The University denies the allegations contained in Paragraph 77 of the Complaint.

78.    The University denies the allegations contained in Paragraph 78 of the Complaint.

79.    The University denies the allegations contained in Paragraph 79 of the Complaint.

80.    The University denies the allegations contained in Paragraph 80 of the Complaint.

81.    Paragraph 81 of the Complaint asserts conclusions of law to which a responsive pleading is not required.

82.     Paragraph 82 of the Complaint asserts conclusions of law to which a responsive pleading is not required.

83.     The University denies the allegations contained in Paragraph 83 of the Complaint.

84.     The University denies the allegations contained in Paragraph 84 of the Complaint.

85.     The University denies the allegations contained in Paragraph 85 of the Complaint.

86.     The University has not received notice from either Plaintiff or the Office of the Attorney General confirming the allegations set forth in Paragraph 86 of the Complaint, which are therefore denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred by an absence of legal responsibility on the part of the defendants.

## THIRD AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of this litigation, and reserve the right to amend this Answer to assert any such defense by appropriate motion.

WHEREFORE, Defendants Trustees of Boston University and Frances A. Drolette respectfully request that this Court:

(1)     Dismiss the Complaint;

(2)     Grant Defendants their costs and attorneys' fees; and

(3)    Grant any and all other relief that is appropriate.

**DEFENDANTS TRUSTEES OF BOSTON UNIVERSITY AND FRANCES A. DROLETTE HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.**

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY
AND FRANCES A. DROLETTE,
By their attorney,


s/Lawrence S. Elswit
Lawrence S. Elswit
(BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts  02215
(617) 353-2326

Date:  August 23, 2004