UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**LINDA MELLEN,**
**Plaintiff,**

v.

**TRUSTEES OF BOSTON**
**UNIVERSITY and FRANCES**
**A. DROLETTE,**
**Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FEDERAL RULE 26(f)/LOCAL RULE 16.1 REPORT OF THE PARTIES

### 1. Meeting of Counsel

In accordance with Fed.R.Civ.P., R. 26(f), and Local Rule 16.1, a meeting was held on October 5, 2004 at defendant Boston University's Office of General Counsel, Bay State Road, Boston, Massachusetts. Attending the meeting were Harry C. Beach for the plaintiff Linda Mellen, and Lawrence S. Elswit for the defendants Trustees of Boston University and Frances Drolette.

### 2. Pre-Discovery Disclosures

The parties are in the process of exchanging the information required by Fed.R.Civ.P., R. 26(a)(1) and the Local Rules.

### 3. Discovery Plan[1]

(A) Discovery will be needed on the following subjects:

    (1) Defendant Drolette's being an "employer" under the FMLA and SNLA;

    (2) Plaintiff's disciplinary, job performance, and compensation history at BU;

    (3) Plaintiff's use of employment leave in 2003;

---

[1]     For purposes of this section, the defendants shall be regarded as a single party.

(4) The reasons for defendants' termination of plaintiff in November 2003 or, in defendants' view, the reasons for defendants' determination that plaintiff "resigned" her employment in November 2003;

(5) Communications between and/or among plaintiff Mellen, defendant Drolette, BU's George Snowden, BU's Robert Meenan, BU's Aram Chobanian, BU's Dzidra Knecht, BU's Theresa McDonald, and/or Anthony Rini regarding plaintiff's leave and her termination/"resignation";

(6) Plaintiff's efforts to secure employment since January 2003;

(7) Defendant's personnel policies and practices regarding employment leave; and,

(8) Plaintiff's damages.

(B) All discovery commenced so as to be completed no later than 8 months following the Court's entry of a Local Rule 16.1(F) scheduling order.

(C) Maximum of 25 interrogatories by each party to any other party, responses due 30 days after service.

(D) Maximum of two (2) requests for production of documents by each party to any other party, responses due 30 days after service.

(E) Maximum of 25 requests for admission by each party to any other party; responses due 30 days after service.

(F) Maximum of 10 depositions by plaintiff and 10 by defendants. Each deposition, other than that of plaintiff Linda Mellen and defendant Frances Drolette, shall be limited to 5 hours unless extended by agreement of the parties, exclusive of any delay in such depositions caused by breaks, conferences, or interruptions of any sort.

(G)  Reports from retained experts under Rule 26(a)(2) due from plaintiff no later than 90 days before the trial date and from defendants no later than 60 days before the trial date.

(H) Supplementation under Rule 26(e) due no longer than 10 days prior to the final pre-trial conference.

## 4. Other Items

(A) Disagreements Requiring Intervention of the Court: None.

(B) Plaintiffs should be allowed until February 1, 2005 to join additional parties and until February 15, 2005 to amend the pleadings.

(C) Defendants should be allowed until February 1, 2005 to join additional parties and until February 15, 2005 to amend the pleadings.

(D) All potentially dispositive motions should be filed by August 10, 2005, with oppositions due no later than October 1, 2005.

(E) Settlement cannot be evaluated prior to the Court's ruling on the parties' dispositive motions, and may be enhanced by use of mediation.

(F) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiff 14 days prior to the final pre-trial conference and from defendants 7 days prior to such final pre-trial conference.

(G) Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(H) The case should be ready for trial by November 15, 2005, or if dispositive motions are filed by the parties and subsequently denied in whole or part by the Court, then within 45 days after the Court's ruling on such motions.

(I) The attorneys for the respective parties, by their signatures below, certify and affirm that each has conferred with their respective clients with a view to establishing a budget for the costs of conducting the full course of the litigation, and have also conferred with their respective clients regarding alternative means of resolution.

Respectfully submitted,
**Linda Mellen,** by her attorney,

_____
Harry C. Beach BBO#547893
Law Offices of Harry C. Beach
30 Walpole Street
Norwood, MA 02062
Office: 781.769.6900
Cell: 617.968.4531
AttyBeach@aol.com

**Trustees of Boston University and
Frances A. Drolette, by their attorney,**

_____
Lawrence S. Elswit BBO#153900
Boston University, Office of the General
Counsel
125 Bay State Road
Boston, MA 02215
617.353.2326
LElswit@bu.edu

**October 18, 2004**

4