## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**No. 04-10644-MEL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**LINDA MELLEN,**
        **Plaintiff,**

v.

**TRUSTEES OF BOSTON**
**UNIVERSITY and FRANCES**
**A. DROLETTE,**
        **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT UNIVERSITY, REQUEST NO. 5

Plaintiff Linda Mellen moves to compel the defendant University's production of documents responsive to her First Request for Production of Documents, Request No. 5.[1]

As set out in the accompanying Memorandum, plaintiff – an exemplary employee of the defendant University for 20+ years – was terminated because she did not report to work on November 19, 2003. Plaintiff alleges that she was privileged under Federal and state law to be on family leave that day, whereas defendants contend that her absence effectively represented her resignation.

Plaintiff's Request No. 5 relates to information regarding University employees who were disciplined for not returning to work on their first return-to-work date after taking leave. Responsive documents are reasonably likely to establish whether the plaintiff, who was absent on family leave, was treated comparatively harsher than

---

[1]    The full text of plaintiff's Request No. 5 is set out in her Memorandum. Further, the Request and the University's response are attached at Tab 1 and 2, respectively, to the Memorandum.

employees' returning to work following extended non-family leave.[2]  To date, the

defendants have resisted producing the requested documentation.[3]

For these reasons, and as amplified in plaintiff's Memorandum, the requested

material is relevant to plaintiff's allegations and its production should, respectfully, be

compelled by the Court.

Respectfully submitted,

**Linda Mellen,** by her attorney,

Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.255.5573
Cell: 617.968.4531
**AttyBeach@aol.com** *or*
**HBeach@HarryBeach.com**

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail (by hand)
on ____ June 28 / 2005
Signed: ____

*June 27, 2005*

---

[2]     The responsive documents are relevant whether the University employee took family leave or another type of employee leave. If family leave had been the basis for the employees' leave, and they were not terminated for failing to return to work on their expected return-to-work date, then the documents will tend to establish that the University's termination of plaintiff was inconsistent with its own family leave policies and understanding of the FMLA.

If a class of leave other than family leave was the basis for the employees' leave (*e.g.*, sick leave, vacation leave, holiday leave, maternity leave), and the employees were *not* terminated for failing to return to work on their expected return-to-work date, then the documents will tend to establish that the University improperly discriminated against employees – such as plaintiff - who had asserted rights to family leave.

[3]     The parties have conducted frank and good faith discussions regarding this and other discovery disputes. *See* Counsel's Local Rule 37.1 Certification, Memorandum, page 8. Although the parties have been successful in bridging their disagreement regarding "advice of counsel"/good faith documentation, the parties have been unsuccessful on this remaining issue. *Id.*