UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**LINDA MELLEN,**
 **Plaintiff,**

v.

**TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,**
 **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRUSTEES, BOSTON UNIVERSITY

In accordance with Rule 34 of the Federal Rules of Civil Procedure, and the related local rules of the United States Court for the District of Massachusetts, the plaintiff Linda Mellen respectfully requests that the defendant Trustees of Boston University produce the documents identified in section II of this First Request at the offices of Harry C. Beach, 30 Walpole Street, Norwood, MA 02062, within thirty (30) days of this First Request.

### I. INSTRUCTIONS AND DEFINITIONS

 A. The relevant time period shall be January 1, 1997 – present, unless otherwise stated.

 B. Rule 2.06, Uniform Definitions in Discovery Requests, is incorporated by reference into these discovery requests.

 C. "Plaintiff" shall mean Linda Mellen.

 D. "University" shall mean Boston University, including but not limited to the defendant Trustees.

 E. "Drolette" shall mean the defendant Frances A. Drolette.

 F. "Snowden" shall mean George Snowden of the University's personnel office.

 G. "Meenan" shall mean the University's Dr. Robert M. Meenan.

H. "Chobanian" shall mean the University's Dr. Aram V. Chobanian.

I. The term, "FMLA", shall mean the Family Medical Leave Act, and the regulations promulgated in connection therewith.

J. The term, "SNLA", shall mean the Massachusetts Small Necessities Leave Act, and the regulations promulgated in connection therewith.

K. "Separation" shall mean and refer to the presently disputed separation of the plaintiff from her employment at the University in November 2003.

L. The descriptive phrase, "personnel file" shall means those documents defined by M.G.L. ch. 149, s. 52C, and any and all other documents or records relating to any and every incident of plaintiff's employment.

M. "Extended leave" shall mean leave taken by University employees of five (5) or more consecutive days.

N. If the defendant objects to the production of any of the documents described and requested in this First Request on the basis of any privilege, on the basis that the document(s) constitute(s) work-product materials, or are otherwise not encompassed by the scope of discovery permitted by Fed.R.Civ.P., R. 34, the defendant is requested to furnish to the plaintiff a list of all such documents withheld, which list shall include the date of the document; the identity of the person(s) who prepared the document; the general topic(s) addressed in the document; the identity of the person(s) to whom the document is addressed; the identity of all persons who received the document; and the grounds upon which you rely to withhold the document from production to the plaintiff.

## II. REQUESTS

1. All documents and communications relating to Plaintiff's employment leave in 2003 (FMLA, SNLA, vacation, sick leave, or any other paid or unpaid leave), including but not limited to communications, including email messages and personal notes, between, among, to or from Drolette, Snowden, Meenan, and/or Chobanian regarding such leave.

2. All documents and communications relating to Plaintiff's separation in November 2003, including but not limited to communications, including email messages and

2

personal notes, between, among, to or from Drolette, Snowden, Meenan, and/or Chobanian regarding such termination/"resignation".

3. All documents relating to the University's personnel/employment policies, practices, and procedures regarding leave under the FMLA and SNLA.

4. All documents relating to the University's personnel/employment policies, practices, and procedures regarding employees' returning to work following their extended leave, including but not limited to leave taken pursuant to the FMLA and/or SNLA leave.

5. All documents relating to or otherwise identifying those University employees who were either terminated or determined by the University to have resigned because of their failure to return to their University employment following their extended leave, including but not limited to leave taken pursuant to the FMLA and/or SNLA.

6. Plaintiff's personnel file, including but not limited to all documents and communications dated or otherwise created, drafted, or generated from September 18, 2003 – present, relating to plaintiff and/or her separation.

7. All documents relating to or constituting communications made or received by University employees, including but not limited to Drolette, Snowden, Meenan, Chobanian, Dzidra Knecht, Anita King, Joline Durant, Alice Theresa McDonald, Elizabeth Ollen, William Gasper, Jonathan Howland, and/or Anthony Rini, pertaining to the plaintiff, her employment, her leave in 2003, and/or her separation during the time period January 1, 2002 - present.

8. All documents relating to or constituting communications between or among Drolette, Snowdon, Meenan, and/or Anthony Rini with respect to Rini's possible employment at the University, from September 2002 to present.

9. All documents relating to or otherwise identifying legal claims or complaints made by University employees against the University for alleged violations of the FMLA and/or SNLA during the period 1995-present.

10. All documents and communications relating to the University's transfer, reassignment, or other management of plaintiff's work responsibilities in the period August 1, 2003 – present.

11. All documents and communications between the University and Dzidra Knecht regarding plaintiff during the period January 1, 2003 through the present.

12. All documents relating to Drolette's authority as Associate Dean for Finance and Administration in the University's School of Public Health, including but not limited to her personnel authority with respect to the plaintiff.

13. All documents relating to or constituting communications between Drolette and Snowden from January 1, 2003-present relating to plaintiff's employment and/or plaintiff's complaints about Drolette's management of plaintiff's employment.

Respectfully submitted,

Linda Mellen, by her attorney,

Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.769.6900
Cell: 617.968.4531
AttyBeach@aol.com

**October 25, 2004**

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on October 25, 2004.
Signed: _____

4