**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LINDA MELLEN,<br><br>  Plaintiff,<br><br>  v.<br><br>TRUSTEES OF BOSTON UNIVERSITY<br>AND FRANCES A. DROLETTE,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-10644-MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff took leave pursuant to the Family Medical Leave Act from her position at Boston University during the summer and fall of 2002. Plaintiff requested and was approved to take leave through and including November 18, 2002. In the letter approving her request for leave, the University advised Plaintiff that "[i]f you advise the University that you do not intend to return to work (or if you fail to return to work by the expected return date), you will be considered to have resigned voluntarily from the University." Letter dated July 31, 2002 to Linda Mellen from George T. Snowdon, Director of Personnel, Boston University Medical Campus, a copy of which is attached as Exhibit 1. Plaintiff did not return as required on November 19, or the following day, November 20, and did not contact anyone at the University to request additional time or to discuss any sort of alternative arrangement. Indeed, on November 19 Plaintiff mailed a letter to the University explaining that she did not plan to return to her position. At the end of the day on November 20 (before receiving Plaintiff's letter), the University wrote to Plaintiff to

notify her that the University had accepted her resignation. In short, the University did precisely what it told Plaintiff it would do: she was "considered to have resigned voluntarily" when she "fail[ed] to return to work by the expected return date."

Plaintiff brought this lawsuit in April, 2004 alleging that the University had failed to provide and/or interfered with Plaintiff's rights under the FMLA and the Massachusetts counterpart, the Small Necessities Leave Act. M.G.L. ch 149, 52D. By all accounts, Plaintiff's claims turn on whether the University was entitled to accept her resignation as it did on November 20, 2002. Discovery closed on June 24, 2005 and – other than this motion – discovery is complete.[1]

Plaintiff now seeks to compel the production of documents that go far beyond the scope of this case. Plaintiff seeks all documents relating to *any* University employee who, at any time, took leave of any kind (including vacation time, sick leave, etc.) and was terminated or determined to have resigned after failing to return to work. The additional documents sought by Plaintiff are irrelevant to Plaintiff's claims. First, Plaintiff's claims relate exclusively to substantive FMLA rights and any motive on the part of the University is irrelevant. Further, even if the Court were to permit discovery concerning some other University employees, the scope of that discovery should be limited to employees who are "similarly situated" to Plaintiff. The University already has agreed to produce relevant documents from the personnel files of individuals who are similarly situated, that is, employees of the Medical Campus who took FMLA leave and appear to have failed to return without providing written notice that they did not plan to

---

[1] Plaintiff has already deposed several University employees, including one employee, Eileen Dennis, who took FMLA leave and returned to work. That employee did not know Plaintiff and had no knowledge of

2

return.[2]  The details of personnel files of individuals who did not take FMLA leave are not likely even to lead to discoverable material, and the University should not be required to disclose them.

Argument

**I.  Documents Concerning Leave Taken by Other Employees Have No Bearing on Plaintiff's Claim Because Motive Is Not at Issue**

The gravamen of Plaintiff's complaint is that the University did not fulfill its obligation to provide substantive rights under the FMLA (and/or its state counterpart). She claims to have been entitled to be absent from work on November 19, and alleges that the University violated the FMLA when it accepted her resignation on November 20. The sole issue to be adjudicated is whether Plaintiff was denied the substantive rights afforded by FMLA (and/or its state counterpart), namely, twelve weeks of unpaid leave per year and the ability to return to the same position, or an alternate position with equivalent pay, benefits, and working conditions following the leave.  29 U.S.C. §§ 2612, 2614.  As Plaintiff explains, she "argues she was privileged under Federal and state law to be on family leave on November 19, 2003, whereas defendants contend that her absence on that single day effectively represented a resignation from University employment."  Memorandum in Support of Plaintiff's Motion To Compel at 2.

Where, as here, substantive rights are at issue, "the employee need not show that the employer treated other employees less favorably, and an employer may not defend its interference with the FMLA's substantive rights on the ground that it treats all employees

---

Plaintiff's claim; she was deposed simply to probe the University's practices with respect to various types of leave.

3

equally poorly without discriminating." *Hodgens v. General Dynamic Corp.*, 144 F.3d 151, 159 (1st Cir. 1998). In cases like these, "the employer's subjective intent is not relevant." *Id.* Many of the cases cited by Plaintiff confirm this principle. *See Jennings v. Mid-American Energy Co.*, 282 F.Supp.2d 954, 960 (S.D. Iowa 2003); *Vargas v. Globetrotters Eng. Corp.*, 4 F.Supp.2d 780, 783 n.4 (N.D. Ill. 1998). *Accord Rankin v. Seagate Technologies, Inc.*, 246 F.3d 1145, 1148 (8th Cir. 2001) (applying objective test to FMLA claim and rejecting use of burden-shifting analysis); *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir. 1999).

Plaintiff states without explication that the alleged violations involve the FMLA's anti-retaliation requirements, and therefore turn on a *McDonnell Douglas*-type analysis of motivation. *See* Memorandum in Support of Plaintiff's Motion To Compel at 3-4. That simply is not so. Plaintiff makes no claim that the University "use[d] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions," 29 C.F.R. § 825.220(c), which could involve an analysis of motive or disparate treatment. *Hodgens*, 144 F.3d at 160. The only question is whether her authorized leave extended to and included November 19 and 20. It is beyond dispute that "an employee has no right to reinstatement if she has not returned to work after her twelve weeks of FMLA leave have ended." *Barry v. Wing Memorial Hosp.*, 142 F. Supp. 2d 161, 165 (D. Mass. 2001). *Accord Daley v. Wellpoint Health Networks, Inc.*, 146 F. Supp. 2d 92, 99 (D. Mass. 2001). The circumstances of other employees have no bearing on this inquiry, and the University should not be compelled to collect and produce documents concerning other employees.

---

[2] Originally the University did not locate any files that met this description. When a handful of files were

## II.    If Leave Taken by Other Employees Is Discoverable, It Should Be Limited To Employees That Are Similarly Situated

If the Court determines that Plaintiff may delve into the relationship between the University and *other* employees, it must limit the scope of that search to employees who are similarly situated. *Conward v. Cambridge School Cmte.*, 171 F.3d 12, 20 (1st Cir. 1999). Plaintiff has not made a disparate impact claim, but if she had she would have to prove that "she was treated differently from persons situated similarly in all relevant aspects." *Smith v. Stratus Corp.*, 40 F.3d 11, 17 (1st Cir. 1994) (internal citations omitted). Although the other cases need not be "perfect replicas, they must closely resemble one another in respect to relevant facts and circumstances." *Conward*, 171 F.3d at 20. To be relevant for comparative purposes, other employees must be "similarly situated in terms of performance, qualifications and conduct, without such differentiating or mitigating circumstances that would distinguish their situations." *Matthews v. Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 130 (1997). It is clear, for example, that employees are not similarly situated where they are subject to different policies. *Id.* at 130. Employees who took leave other than FMLA leave are not relevant to Plaintiff's claim.

The University has agreed already to produce relevant documents from the personnel files of similarly situated employees, that is, employees of the Medical Campus who took FMLA leave and do not appear to have provided written notice that they did not plan to return. The circumstances of employees who took other kinds of leave shed no light on Plaintiff's claim. Plaintiff should not be permitted to delve into the details of

---

located upon further review, the University notified Plaintiff and agreed to produce them.

the leave circumstances of other employees under these circumstances.

## CONCLUSION

WHEREFORE, Defendants respectfully request that Plaintiff's Motion To Compel the Production of Documents be denied in its entirety.

        TRUSTEES OF BOSTON UNIVERSITY
        AND FRANCES A. DROLETTE

        By their attorney,

        _____
        Crystal D. Talley, BBO # 633759
        Boston University
        Office of the General Counsel
        125 Bay State Road
        Boston, Massachusetts  02215

Dated:  July 22, 2005        (617) 353-2326

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff, Harry C. Beach, Law Offices of Harry C. Beach, 30 Walpole Street, Norwood, MA 02062, by first class mail.

        _____
        Crystal D. Talley