UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

******†*******************
LINDA MELLEN,
    Plaintiff,

v.

TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,
    Defendants.
******†*******************

### REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

This Reply is necessary to correct certain assertions of fact of law offered to the Court in defendants' Opposition.

*First*, defendants incorrectly represent that plaintiff "makes no claim that the University 'use[d] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions,' 29 C.F.R. s. 825.220(c), which could involve an analysis of motive or disparate treatment." *See* defendants' Opposition, p. 4. In fact, plaintiff clearly asserts in her Complaint that defendants used her taking of FMLA leave as a negative factor in, *inter alia*, making the decision to terminate her. *See* Tab 1 hereto, plaintiff's Complaint, Counts IV, paras. 61-62. *See also* Counts VI and VII, Retaliation. For this class of FMLA violations, defendants' motive *is* relevant and may be established circumstantially in accordance with the *McDonnell-Douglas* analysis.

*Second*, defendants incorrectly represent that the only relevant class of comparable employees is that of University employees who enjoyed FMLA leave. *See* defendants' Opposition, p. 5. In fact, if there are University employees who took non-

FMLA leave and returned to work after their expected return-to-work date, but were not terminated, the Court has telling comparative evidence that the defendants treated FMLA beneficiaries (including Mellen) more harshly than non-FMLA beneficiaries.

*Third*, defendants make a point of their willingness to produce some additional documents, albeit only those relating to FMLA beneficiaries. *See* defendants' Opposition, pp. 2, 5. The Court may appreciate that this promise of additional documents is made 9 months after plaintiff's request for such documents; two weeks after the close of discovery; and only on the heels of plaintiff's filing the instant Motion to Compel. In any case, the promised additional documents have not been produced to date.

*Fourth*, contrary to defendants' summary of facts, *see* defendants' Opposition, pp. 1-2:

- The plaintiff Mellen was authorized by defendants to take the maximum amount of family leave (which included FMLA and SNLA leave);

- Defendants began to plan plaintiff's termination in August 2003, two weeks after she began her family leave;

- Plaintiff's return-to-work date following FMLA leave was November 21, 2003, not November 19, 2003;

- Plaintiff's return-to-work date following SNLA leave was November 26, 2003, which family leave statute defendants entirely ignored; and,

- Defendants fired plaintiff (or, euphemistically, determined she had resigned) because she missed one day of work, despite her having a exemplary career of 26+ years at BU, and despite the absence of any prior attendance deficiencies in her record.[1]

---

[1] Defendants incorrectly state that the relevant family leave and plaintiff's termination occurred in "the summer and fall of 2002." *See* defendants' Opposition, p. 1. In fact, the undisputed material fact is that plaintiff took her family leave, and was fired, in the summer and fall of *2003*.

*[signature]*
Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.255.5573
Cell: 617.968.4531
AttyBeach@aol.com *or*
HBeach@HarryBeach.com

July 26, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _July 26, 2005_.

Signed: _[signature]_