UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
LINDA MELLEN,
    Plaintiff,

v.

TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S OCTOBER 18, 2005 ORDER PARTIALLY ALLOWING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (INTERFERENCE WITH PLAINTIFF'S FMLA/SNLA RIGHTS)**

The plaintiff Linda Mellen respectfully moves the Court to reconsider its Endorsement and Order dated October 18, 2005 (attached hereto at Tab 1), to the extent that the Order allowed defendants' Motion for Summary Judgment upon plaintiff's claim that defendants interfered with plaintiff's substantive rights under the Family and Medical Leave Act, and Massachusetts' Small Necessities Leave Act.[1]

As reasons in support of reconsideration, plaintiff states that:

(1) The Court's construction of "intermittent" family leave is contrary to case law from other Federal districts and to defendants' own appreciation of "intermittent" leave; is not directly supported by the legal authorities cited by the Court; and effectively (and unnecessarily) reads 29 CFR 825.200(f) to nullify 29 CFR 825.205(a) with respect to employees on intermittent family leave;

---

[1] Undersigned counsel received the Court's Endorsement and Order on Monday, October 24, 2005.

(2) The Court's alternative factual conclusion, that Mellen did not object or oppose defendants' calculation of her family leave, is inconsistent with the summary judgment record; and,

(3) The Court's further factual conclusion, that Mellen did not adequately invoke Massachusetts' Small Necessities Leave Act, is inconsistent with the summary judgment record.

For these reasons, and as amplified in the accompanying Memorandum in Support, plaintiff Mellen requests that the Court reconsider its Order of October 18, 2005, and upon reconsideration to revive and reinstate plaintiff's claim of FMLA/SNLA interference/breach.

Respectfully submitted,
Linda Mellen, by her attorney,

Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.769.6900
Cell: 617.968.4531
AttyBeach@aol.com

*October 25, 2005*

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) MESSENGER
on October 25, 2005
Signed:

2

**E N D O R S E M E N T**

LINDA MELLEN v. TRUSTEES OF BOSTON UNIVERSITY and FRANCES DROLLETTE
04-CV-10644-MEL

LASKER, D.J.

      Plaintiff Linda Mellen ("Mellen") moves for summary judgment on the issues of: (1) liability for interference with and breach of her substantive rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., and/or the Massachusetts Small Necessities Leave Act ("SNLA"), M.G.L. ch. 149, §52D; and (2) retaliation and/or discrimination against her because of her assertion of FMLA rights. Defendants Trustees of Boston University ("BU") and Frances Drollette ("Drollette") also move for summary judgment.

      As to whether BU's termination of Mellen was interference with or breach of Mellen's substantive FMLA rights, the issue turns on whether the FMLA leave was properly calculated. Although the leave has been labeled "intermittent leave" subject to 29 C.F.R. §825.205, the plain language of 29 C.F.R. §825.200(f) appears to be determinative. It states, "For purposes of determining the amount of leave used by an employee, the fact that a holiday may occur within the week taken as FMLA leave has no effect; the week is counted as a week of FMLA leave." Examples and reference to intermittent leave in both §825.205 as well as case law indicate that intermittent leave implies FMLA leave of less than a week taken over a period of time. See Hodgens v. General Dynamics Corp., 144 F.3d 151, 163 (1st Cir. 1998)("intermittent absences for less than four days (even for portions of one day)"); Harcourt v. Cincinnati Bell Telephone Co., 383 F.Supp.2d 944, 948-52 (S.D. Ohio 2005); 29 C.F.R. §825.205(a)-(b). Accordingly, a reading of §825.200(f) which deems an FMLA leave week a complete week despite the occurrence of a holiday is not contrary to the provisions for FMLA intermittent leave and FMLA substantive rights.

      Moreover, even if BU incorrectly calculated Mellen's FMLA leave due to her intermittent status, Mellen's leave was only approved through November 18, 2003. Intermittent leave requires prior approval and BU was not outside FMLA regulations in its communication of Mellen's expected return to work date. Mellen did not oppose or in any way notify BU that the return date of November 19, 2003 was incorrectly calculated or unacceptable and the FMLA does not "authorize employees on leave to keep their employers in the dark about when they will return." Gilliam v. United Parcel Service, Inc., 233 F.3d 969, 971 (7th



Cir. 2000). BU thus cannot be found to have interfered with or breached Mellen's substantive rights under the FMLA.

Mellen's claim as to BU's miscalculation based on her right to SNLA leave is also misplaced. While it appears true that an employee does not have to refer to the SNLA by name in order to invoke SNLA rights, the same document which allows a general invocation also states that "if the need for leave is foreseeable, the employee must request the leave not later than 7 days in advance." Massachusetts General Advisory 98/1, p.3. Mellen has failed to show that she was not required to notify BU at least seven days in advance that she would require more leave. Mellen's claims under SNLA therefore fail.

Nevertheless, while BU's position as to the requirement of the FMLA and SNLA are correct, there remains the question of whether Mellen has made an adequate showing on her claim of retaliation to allow the matter to be presented to a jury. I conclude that she has. This case is a close call, but the suit centers on the issue of credibility and whether BU acted with a retaliatory and/or discriminatory animus. BU has made a strong showing to the contrary, but not to such a degree that no reasonable juror could make a finding in opposition to BU's conclusion. The record is not devoid of genuine issues of material fact as to these issues, such as the harshness with which BU acted in response to Mellen's absence on her expected return to work date, and the fact that, when questioned, nobody at BU could recall a situation in which such similarly drastic measures had been taken against an employee.

Accordingly, BU's motion for summary judgment as to Mellen's claim of liability for interference with and/or breach of her FMLA and SNLA rights is GRANTED, but is DENIED as to Mellen's claim of retaliation and/or discrimination. Mellen's motion for summary judgment is DENIED.

It is so ordered.

Dated:   October 18, 2005
         Boston, Massachusetts         /s/ Morris E. Lasker
                                            U.S.D.J.