UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
LINDA MELLEN,
    Plaintiff,

v.

TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT'S OCTOBER 18, 2005 PARTIALLY
ALLOWING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(INTERFERENCE WITH PLAINTIFF'S FMLA/SNLA RIGHTS)**

By Endorsement and Order dated October 18, 2005 ("Order"), the Court allowed defendants' Motion for Summary Judgment with respect to plaintiff's claim that defendants interfered with plaintiff's substantive rights under the Family and Medical Leave Act, and Massachusetts' Small Necessities Leave Act. This Memorandum is submitted in support of plaintiff's request that this ruling be reconsidered.[1]

I.    **By Regulation And Case Law, Intermittent Leave Is Not Limited To Leave Of Less Than One Week**

This Court, while recognizing that Mellen's leave was "intermittent leave" under 29 CFR 825.205, determined that both s. 825.205 and case law "indicate that intermittent leave implies FMLA leave of less than a week taken over a period of time," citing *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 163 (1st Cir. 1998); *Harcourt v.*

---

[1]    The Court's Order was received by undersigned counsel on Monday, October 24, 2005.

*Cincinnati Bell Telephone Co.*, 383 F.Supp.2d 944, 948-52 (S.D.Ohio 2005); and 29 CFR s. 825.205(a)-(b). *See* Order, p. 1. Based on this premise, the Court concluded that "[a] reading of s. 825.200(f) [the "no credit for holidays" rule] which deems an FMLA leave week a complete week despite the occurrence of a holiday is not contrary to the provisions for FMLA intermittent leave and FMLA substantive rights." *Id.*

The Court's premise, that intermittent leave "implies FMLA leave of less than a week taken over a period of time," is directly contrary to the implementing regulations of the U.S. Department of Labor, which provide that "there is no limit on the size of the increment of leave," *see* 29 CFR 825.203(d), when it comes to "intermittent" family leave. The Court's premise also runs contrary to defendants' own appreciation of "intermittent" leave, which they approved for Mellen in two extended blocks of time (the first, 8+ weeks, and the second, 3 weeks). *See* Tab 3 to defendants' Exhibits, p. 3.

Nor do *Hodgens* or *Harcourt* support the Court's premise. In *Hodgens*, although the Court accepted the employee's 4 days of leave as sufficient for intermittent leave, the Court did not suggest that *all* intermittent leave was limited to 4 days, or to any specific number of days. Similarly, the Court in *Harcourt* did not define intermittent leave as tied to any specific number of days; it only vaguely observed the various periods that the defendant/employer there had considered as intermittent leave.[2]

Also at odds with the Court's premise is the fact that other courts have accepted a broad range of leave periods as "intermittent" under the FMLA. *See e.g. Sailors v.*

---

[2] Similarly, the regulation cited by the Court, 29 CFR 825.205(a)-(b), while providing illustrative examples of intermittent leave, does not restrict intermittent leave to those examples.

2

*Alltel Comm.*, 2005 WL 2429487 (E.D.Ark. 2005)(21 straight days constitute "intermittent leave"); *Allen v. Fort Wayne Foundry Corp.*, 2005 WL 2347266 (N.D.Ind. 2005)(one month of leave is "intermittent"); *Jones v. Continental Airlines*, 2005 WL 2233619 (S.D.Tex. 2005)(7 days per month is "intermittent"); *Love v. County of Wayne*, 2005 WL 1529603 (E.D.Mich. 2005)(2 month "intermittent" segment allowed).

For these reasons, the conclusion that the Court builds upon its premise, that the "no credit for holidays" rule of s. 825.200(f) is not contrary to FMLA intermittent leave, cannot - respectfully – be sustained. In fact, the Court's reading of 825.200(f) effectively nullifies s. 825.205(a) with respect to employees on intermittent leave, because those employees will now have their family leave charged for a holiday notwithstanding that the holiday independently excuses her absence.[3] Phrased differently, the Court's reading of s. 825.200(f) charges to employees on intermittent leave a holiday that s. 825.205(a) requires not be charged to them. This sort of regulatory nullification is ordinarily disfavored by the courts. *See Duckworth v. Pratt & Whitney*, 152 F.3d 1, 11 (1st Cir. 1998)(if a Federal regulation "fills a gap or defines a term in a reasonable way in light of the Legislature's design, [the courts] give that reading controlling weight, even if it is not the answer 'the court would have reached if the question initially had arisen in a judicial proceeding,' [quoting] *Regions Hosp. [v. Shalala]*, 118 S. Ct. [909,] at 915 [(1998)]."[4]

---

[3]    Section 825.205(a) provides in relevant part, "[i]f an employee takes leave on an intermittent or reduced leave schedule, only the amount of leave actually taken may be counted toward the 12 weeks of leave to which an employee is entitled."

[4]    This nullification was likely not intended by s. 825.200(f) given the express reference in s. 825.200(f) to s. 825.205, regarding the calculation of an employee's intermittent family leave. *See* 825 CFR 200(f)("[m]ethods for determining an employee's 12-week leave entitlement are also described in Sec. 825.205").

3

In sum, "intermittent" family leave should be applied as established by the implementing regulations, including s. 825.205(a). If such leave is approved as defendants approved Mellen's leave, then the employee should be entitled to the full regulatory benefits associated with that leave.[5] In the present case, therefore, Mellen's intermittent family leave should not be charged for the holidays that fell during her leave.[6]

I. **MELLEN DID OPPOSE OR NOTIFY DEFENDANTS THAT THEIR CALCULATION OF LEAVE WAS INCORRECT OR UNACCEPTABLE**

This Court alternatively determined (after allowing *arguendo* that BU incorrectly calculated Mellen's FMLA leave) that "Mellen did not oppose or in any way notify BU that the return date of November 19, 2003 was incorrectly calculated or unacceptable." Based on this finding of fact, the Court reprimanded Mellen for keeping "[her]

---

[5] Rather than reading s. 825.200(f) to nullify s. 825.205(a), the Court may read the two regulations harmoniously. One possibility would be the interpretation that s. 825.200(f) applies where the employee takes her 12 weeks of FMLA leave in a continuous manner. The Court may also construe s. 825.200(f) as addressing those situations when an employee takes her FMLA leave under the presumptive condition, that is, without pay. *See* 29 CFR 825.207 ('[g]enerally, FMLA leave is unpaid"). In this situation, the employer's concern that the employee may use paid holidays to obtain compensation not otherwise available to her would be allayed.

[6] Such a reading would also address the unfairness caused by two omissions of defendants. First, defendants failed to notify Mellen in advance of her family leave, as required by 29 CFR 825.208(c), that the University's holidays would count against her family leave. *See* Tab 3 to defendants' exhibits, p. 1 (defendants fail to require the application of holiday leave to Mellen's family leave). Second, defendants' personnel policy ordinarily grants holiday leave if the employee is on authorized leave immediately preceding the holiday, but defendants failed to grant Mellen – who *was* on authorized family leave – the same benefit. *See* No. 155, Plaintiff's Statement of Undisputed Facts, and defendants' opposition.

employer[ ] in the dark about when [she] will return," quoting *Gilliam v. United Parcel Service, Inc.*, 233 F.3d 969, 971 (7th Cir. 2000)." *See* Order, p. 1. On this basis, this Court concluded that BU "cannot be found to have interfered with or breached Mellen's substantive rights under the FMLA." *Id.*

The summary judgment record, however, shows that (as Mellen has asserted and as defendants opposed) defendants knew in early August 2003 that Mellen was requesting family leave *through November 20, 2003*. *See* Plaintiff's Statement of Undisputed Facts, and defendants' Opposition, No. 73. The record evidence further shows that two months later, Mellen reiterated her position that her return-to-work date was not November 19th, as defendants had it, but November 21st:

> I will need to use the second block of FMLA leave – from Tuesday, October 28 *through Thursday, November 20*. Please note that I have extended the leave period by one day in light of the November 17 holiday recently granted by the Trustees of Boston University.

*See* Tab 5 to defendants' Exhibits (emphasis added). *See also* No. 79, Plaintiff's Statement of Undisputed Facts, and defendants' Opposition.

Respectfully, therefore, the Court's factual determination regarding whether Mellen gave defendants' notice fails to credit the record evidence that, (1) Mellen *did* oppose and notify defendants that their calculated return date was wrong or unacceptable; and (2) she *did not* leave defendants "in the dark about when [she] will return [to work]." *Gilliam v. United Parcel Service, Inc., supra* at 971.[7]

---

[7] The Court in *Gilliam* was apparently disapproving of the employee because he had presumed without saying anything that his family leave would be of "an indefinite duration." *Gilliam v. United Parcel, supra* at 970. In contrast, Mellen requested a definite period of leave.

5

## II. THE UNDISPUTED FACTS ESTABLISH THAT MELLEN TIMELY AND SUFFICIENTLY INVOKED THE SNLA

After recognizing that "[w]hile it appears true that an employee does not have to refer to the SNLA by name in order to invoke SNLA rights," and that "a general invocation [of the SNLA]" is sufficient, this Court determined that "Mellen has failed to show that she was not required to notify BU at least seven days in advance that she would require more leave." *See* Order, p. 2.[8]

The SNLA expressly piggy-backs the FMLA, therefore, Mellen did not need to expressly assert rights under the SNLA or even mention the SNLA to meet her obligation of notice. *Accord* 29 CFR 825.303(b)(FMLA). The SNLA required only that Mellen tell defendants of circumstances that implicated SNLA-qualifying leave. *See* Massachusetts Attorney General Advisory 98/1, p. 3 ("[e]mployees need not make reference to the [SNLA] in order to assert their rights under the law"). *See also* 940 CMR 20.01, 20.02 (state regulations implementing SNLA).

Mellen gave sufficient notice of such qualifying circumstances to defendants. It is undisputed that no later than May 2003 Mellen notified defendants her mother was ill. *See* No. 52, Plaintiff's Statement of Undisputed Facts, and defendants' Opposition. It is undisputed that no later than June 20, 2003, Mellen notified defendants she needed time off to care for her mother. *Id.* at No. 57. It is also undisputed that no later than mid-July 2003 Mellen formally notified defendants of her need for family leave. *Id.* at No. 63.

---

[8]   This means, with respect to Mellen's leave, that the Court required Mellen to give sufficient notice on or before November 12, 2003.

6

Given these facts – which at worst are disputed by the parties - the Court's finding that Mellen had not notified defendants of her need for qualifying family leave at least 7 days before November 19, 2003, is - respectfully - not sustainable, or at minimum, is best left to a jury to resolve.

### III. CONCLUSION

For these reasons, the plaintiff Linda Mellen respectfully requests that the Court reconsider its ruling regarding her claim that defendants interfered and violated her substantive FMLA/SNLA rights and, upon reconsideration, reinstate such claim for review by the jury at trial.

Respectfully submitted,
Linda Mellen, by her attorney,

Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.769.6900
Cell: 617.968.4531
AttyBeach@aol.com

*October 25, 2005*

---

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand, messenger
on October 25, 2005.
Signed: _____

7