UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA MELLEN,<br><br>    Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY<br>AND FRANCES A. DROLETTE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-10644-MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT ORDER

Defendants Trustees of Boston University (the "University") and Frances A. Drolette ("Drolette") (collectively "Defendants") hereby oppose Plaintiff's Motion for Reconsideration of Court's October 18, 2005 Partially Allowing Defendants' Motion for Summary Judgment (Interference with Plaintiff's FMLA/SNLA Rights) (the "Motion").

The Court's October 18 Order (the "Order") rightly concluded that Plaintiff's substantive claims under both the FMLA and the SNLA failed as a matter of law, and Plaintiff's Motion advances no new arguments. Plaintiff was required to return to work after her approved FMLA leave expired on November 19, 2003 and did not do so. As the Court found, the duration of her leave was not extended either by the holidays that fell during her FMLA leave or by the SNLA.

Plaintiff again urges that Plaintiff's FMLA leave was extended by three days because of holidays that fell during the term of her FMLA leave. As the Court rightly

concluded, the plain language of 29 C.F.R. § 825.200(f) resolves that issue. Plaintiff's efforts to identify cases in which courts have considered periods of leave longer than one week to be "intermittent" does not compel a different result. Section 825.200(f) is not, by its terms, limited to non-intermittent leave. Any time leave is taken in blocks of an entire week or more Section 825.200(f) applies by its own terms and Plaintiff has not identified a single case that suggests otherwise. Moreover, Plaintiff's proposed construction of the various regulations would require employers to treat similarly situated individuals differently for no good reason. Under Plaintiff's construction, an employee who took one week of leave that included a holiday would use a full week of FMLA leave, and another employee who took the *same* week but designated that week as "intermittent" leave would not. There is simply no reason to reach that result.

The Court correctly concluded that Plaintiff did not notify the University that her designated return date (November 19) was incorrectly calculated or unacceptable. She admitted that she received the University's letter of October 29 explaining that holidays would not extend her leave and that she was expected to return on November 19. Mellen Day 2 Tr. at 43; Defendants' Exhibit 6. She did not respond to that letter and did not contact anyone at the University to protest or inquire. *Id.* at 42-43. Plaintiff's reference to her notation on the Health Care Provider Certification submitted in August is misplaced. Plaintiff acknowledged that she did not know why she wrote November 20 on that form, and that she could not recall whether it was simply a mistake. Mellen Day 1 Tr. at 202-03. Moreover, the letter Plaintiff quotes in her Motion to suggest that she did contest the University's calculation was dated October 23. Defendants' Exhibit 5. The

University responded with its letter of October 29, and Plaintiff remained silent thereafter. Mellen Day 2 Tr. at 42-43.

Finally, the Court correctly concluded that Plaintiff never provided notice of any request for leave under the SNLA. Plaintiff again details her request for leave under the FMLA. There is no dispute but that Plaintiff requested – and received the benefit of – leave under the FMLA. However, she did nothing to apprise the University that she needed additional leave. Plaintiff does not point to a single piece of testimony or document that suggests otherwise.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration of Court's October 18, 2005 Partially Allowing Defendants' Motion for Summary Judgment (Interference with Plaintiff's FMLA/SNLA Rights).

TRUSTEES OF BOSTON UNIVERSITY
AND FRANCES A. DROLETTE

By their attorneys,

/s/ Crystal D. Talley
Lawrence S. Elswit, BBO # 153900
Crystal D. Talley, BBO # 633759
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215

Dated: November 3, 2005          (617) 353-2326