## **E N D O R S E M E N T**

LINDA MELLEN v. TRUSTEES OF BOSTON UNIVERSITY and FRANCIS DROLLETTE
04-CV-10644-MEL

---

LASKER, D.J.

Plaintiff Linda Mellen ("Mellen") moves for reconsideration of the ruling of October 18, 2005 which granted partial summary judgment to Boston University ("BU") and Frances Drollette on the issue of substantive rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq. and the Massachusetts Small Necessities Leave Act ("SNLA"), M.G.L. ch.149, §52D. Mellen contends that the October 18, 2005 ruling improperly applied 29 C.F.R. §825.200(f) to nullify 29 C.F.R. §825.205 and that such a reading of the two statutes cannot be sustained. She further contends that she did oppose BU's calculated return date, and that her notification to BU which resulted in her FMLA leave was sufficient for SNLA invocation.

First, FMLA leave is governed by the general rule of §825.200(f) which states, "the fact that a holiday may occur within the week taken as FMLA leave has no effect; the week is counted as a week of FMLA leave," and the more narrow §825.205 which allows an employee on intermittent leave to be charged with "only the amount of leave actually taken." There is no dispute that Mellen was on intermittent FMLA leave. Although intermittent leave can last for weeks at a time, courts have generally understood intermittent leave to be leave taken in periods of less than a week at a time. See Hodgens v. General Dynamics Corp., 144 F.3d 151, 163 (1st Cir. 1998); Harcourt v. Cincinnati Bell Telephone Co., 383 F.Supp.2d 944, 948-52 (S.D. Ohio 2005); Love v. County of Wayne, 2005 WL 1529603 (E.D. Mich. 2005); Dage v. Time Warner Cable, 2005 WL 2671375 (S.D. Ohio 2005); See also, 29, C.F.R. §925.205; 29 C.F.R. §825.203 ("Examples of intermittent leave would include leave taken on an occasional basis for medical appointments, or leave taken several days at a time spread over a period of six months, such as for chemotherapy. A pregnant employee may take leave intermittently for prenatal examinations or for her own condition, such as for periods of severe morning sickness.").

The nature of intermittent leave as it fits into the realm of general FMLA leave is akin to a Venn diagram. Intermittent leave of less than week is a circle governed by §825.205; general, continuous FMLA leave is a larger, overlapping

circle governed by §825.200(f); and intermittent leave lasting more than one week is the overlapping area. The statutes overlap in a way such that §825.200(f) can be applied to intermittent leave without impermissibly nullifying §825.205. In construing §825.205, which allows an employee to be charged with "only the amount of leave actually taken," I therefore understand "leave" to include the definition of §825.200(f), which specifically states that a holiday-inclusive week is counted as "a week of FMLA leave." The ruling of October 18, 2005 thus allows for a complementary application of both §825.200(f) and §825.205 by counting holidays as part of the leave week when intermittent leave is taken in continuous periods longer than a week.

More importantly, however, even if Mellen did have a right not to count the holidays as part of her FMLA intermittent leave, she was not entitled to keep her employer "in the dark" about when she would return. Gilliam v. United Parcel Service, Inc., 233 F.3d 969, 971 (7th Cir.). BU was entitled to know if Mellen disagreed with her calculated return date and if she did not intend to work on November 19, 2003. See Allen v. Fort Wayne Foundry Corp., 2005 WL 2347266 at *5 (N.D. Ind. 2005); Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706 (7th Cir. 2002). Instead, Mellen misconstrues the factual determination that she did not protest her calculated return date. She may have attempted to correct BU prior to the final letter of October 29, 2003, but she did not do so afterward. In the absence of a reply to BU's letter of October 29, which specified Mellen's return date as November 19, BU was not aware that Mellen disputed her return date. Mellen cannot now argue that her prior letters constituted clarification of the subsequent October 29 letter, nor was the factual determination that she did not oppose the October 29 letter incorrect.

Lastly, the October 18, 2005 ruling was correct in finding that Mellen did not meet the notice requirement for the SNLA, which requires that "if the necessity for leave...is foreseeable, the employee shall provide the employer with not less than seven days' notice before the date the leave is to begin." M.G.L. c.149, §52D(d). Although Mellen did not need to make specific reference to the SNLA in order to obtain SNLA leave, there are no grounds for finding that FMLA and SNLA leave are one and the same. SNLA leave is "24 hours...in addition to the 12 weeks already allowed under the Federal Family and Medical Leave Act." Advisory 98/1, Massachusetts Attorney General, p.1. The leave referred to in M.G.L. c.149, §52D is distinct from FMLA leave such that Mellen's earlier notification, for which BU granted her FMLA leave, did not constitute SNLA leave notification. Thus, Mellen's failure to give BU seven days'

notice that she required additional leave beyond the FMLA leave ending on November 18 disqualifies her SNLA claim.

Mellen's Motion to Reconsider is DENIED.

It is so ordered.

Dated:    December 1, 2005
          Boston, Massachusetts       ___/s/ Morris E. Lasker___
                                            U.S.D.J.