UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
LINDA MELLEN,
    Plaintiff,

v.

TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S FURTHER MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FOR LEAVE TO CONDUCT DISCOVERY, AND FOR THE AWARD OF COSTS**

**I. Background**

The plaintiff, Linda Mellen, an exemplary employee of the defendant University for 20+ years – was terminated because she missed one day of work, November 19, 2003. Plaintiff alleges that she was privileged under Federal and state law to be on family leave on November 19, 2003, whereas defendants contend that her absence effectively represented her resignation.[1]

In the course of discovery, plaintiff served defendants with a request for production of documents. Request No. 5 called for documents relating to University employees who were disciplined for not returning to work on their first return-to-work

---

[1] The Court on October 19, 2005, denied defendants' motion for summary judgment in part, concluding that plaintiff is entitled to a jury trial on her claim of retaliatory termination. At the same time, the Court concluded that defendant was entitled to summary judgment upon plaintiff's claim that defendants interfered with her substantive rights under Federal and Massachusetts family leave statutes.

date after taking leave. Documents responsive to Request No. 5 were reasonably likely to establish whether the plaintiff, who had been absent on family leave immediately prior to her termination, was treated comparatively harsher than employees' returning to work following extended *non*-family leave.[2]

The defendants resisted disclosure, forcing plaintiff to file her initial Motion to Compel on or about June 27, 2005. While the Motion was pending with the Court, defendants produced 74 pages of documents, relating to eight employees whose identities defendants unilaterally redacted. *See* Tab 1 hereto, cover letter dated August 1, 2005 from defendants' counsel.

On October 19, 2005, the Court ordered the University to produce all responsive documents. *See* Tab 2 hereto, Court's Order.[3] After two inquiries from undersigned counsel for the plaintiff, *see* Tab 3 hereto, BU on December 1, 2005 produced an additional 51 pages of documents allegedly responsive to plaintiff's Request No. 5. Defendant, however, altered the original documents by redacting the names of the

---

[2] The responsive documents are relevant whether the University employee took family leave or another type of employee leave. If family leave had been the basis for the employees' leave, and they were not terminated for failing to return to work on their expected return-to-work date, then the documents will tend to establish that the University's termination of plaintiff was inconsistent with its own family leave policies and understanding of the FMLA.

If a class of leave other than family leave was the basis for the employees' leave (*e.g.*, sick leave, vacation leave, holiday leave, maternity leave), and the employees were *not* terminated for failing to return to work on their expected return-to-work date, then the documents will tend to establish that the University improperly discriminated against employees – such as plaintiff - who had asserted rights to family leave. *See Abel v. Dubberly*, 210 F.3d 1334, 1339 (11th Cir. 2000)(if there is a similarly situated but differently disciplined employee, evidence of illegal disparate treatment is presented).

[3] The University did not, in its opposition to plaintiff's Motion to Compel, contend that the documents were privileged, nor did it request the Court's leave to redact the responsive documents in order to protect the privacy of its former employees.

2

affected former employees, claiming that it was acting to protect their privacy. *See* Tab 4 hereto, cover letter dated December 1, 2005 from defendants' counsel. In an effort to close the parties' differences on this point, plaintiff offered to enter a confidentiality agreement that would limit her use of the unredacted documents to the present litigation, *see* Tab 5 hereto, letter from undersigned counsel dated December 5, 2005, but to no avail. *See* Tab 6 hereto, letter of December 6, 2005 from BU counsel.[4]

**Argument**

The University's unauthorized and unilateral redaction of documents ordered produced by the Court without condition or qualification is improper. *Accord In Re Medeva Securities Litigation*, 1995 U.S.Dist.LEXIS 21895, *8 (C.D.Cal. 1995):

> The Court does not welcome unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make document confusing or difficult to use. All too often, the practice results in litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted.

In the present matter, the University's unilateral redactions – redactions it did not request the Court's leave to make when it opposed plaintiff's initial Motion to Compel - prevent plaintiff from pursuing the depositions of the former University employees and the University's Keeper of the Records regarding these documents. Such redactions

---

[4] The proposed stipulation of confidentiality affecting the then-scheduled (June 2005) deposition of BU employee Eileen Dennis, which the parties addressed in the email exchange attached to BU's December 6, 2005 letter, did not authorize BU to redact any information regarding Ms. Dennis or any BU employee. Rather, the stipulation would have restricted the parties' use of such information to the present litigation. This restriction is a more reasonable means to address BU's avowed concerns than its unilateral redaction of documents that the Court ordered produced. *See* Tab 7 hereto, letter of February 15, 2006 to BU counsel, with attached proposed stipulations.

3

therefore frustrate plaintiff's efforts to secure admissible evidence of defendants' comparative mistreatment of plaintiff because of her family leave.

## II. Conclusion

For these reasons, the plaintiff Linda Mellen moves the Court to compel the University to produce unredacted versions of the documents it produced in redacted form during the pendency of plaintiff's initial Motion to Compel; and of those documents it produced in redacted form in response to the Court's October 19, 2005 Order compelling production.

In addition, plaintiff moves the Court to charge the defendant University with plaintiff's reasonable expenses related to this Motion in accordance with Fed.R.Civ.P., R. 37(a)(4)(A), in light of the defendant University's unilateral and unauthorized redaction of documents ordered produced by the Court.

Linda Mellen, by her attorney,

*/s/ Harry C. Beach*

Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.255.5573
Cell: 617.968.4531
HBeach@HarryBeach.com

**February 15, 2006**