3:00pm ✓

# LAW OFFICES OF HARRY C. BEACH

30 Walpole Street, Norwood, Mass. 02062

E-mail AttyBeach@aol.com
HBeach@HarryBeach.com

Direct Dial: 781.255.5573
Cell         617.968.4531
Fax          781.769.6989

December 5, 2005

Attorney Crystal D. Talley
Associate General Counsel
Boston University, OGC
Boston, MA 02215

      **Re: Linda Mellen v. Trustees of B.U. and Frances Drolette, C.A. No. 04-10644-MEL**

Dear Christy:

      On October 19, 2005, upon my client's Motion, the Court ordered your clients to produce all documents responsive to our Request for Production of Documents, No. 5. As you know, No. 5 called for the production of,

> [a]ll documents relating to or otherwise identifying those University employees who were either terminated or determined by the University to have resigned because of their failure to return to their University employment following their extended leave, including but not limited to leave taken pursuant to the FMLA and/or SNLA.

The timeframe on this production was January 1997 – 2005.

      Late last week, that is, six weeks after the Court's order, your office delivered 51 pages of documents to me, which production purported to be responsive to Request No. 5.

      **I.    Improper Redactions**

      The documents produced last week related to 10 former yet unidentified BU employees. The documents, however, were altered to conceal the identities of the employees, which troubles me. The Court's order did not license your redactions, and the opposition you filed to our motion to compel failed to seek the Court's permission to redact them. Despite this, you took it upon yourself to redact the documents, which strikes me as improper.

# LAW OFFICES OF HARRY C. BEACH

Attorney Crystal D. Talley
Associate General Counsel
Boston University, OGC
December 5, 2005
Page Two

You have told me that you are concerned for the privacy of these former employees, yet it is not clear what efforts you have made to inquire whether the employees objected to the disclosure of their names. I will remind you, respectfully, that I proposed a confidentiality stipulation to you in May 2005, which would have obligated my office and my client to keep personal information regarding University employees in confidence. Yet, your office seemed not to think such confidentiality was important, and did not endorse the stipulation (insofar as my file indicates). Still, I am prepared to honor this limitation within the confines of this litigation.

As I previously represented to you, the identities of the employees are necessary for us to consider their depositions, and that of the relevant Keeper of these records. These points relate as well to your redaction of employee names in the personnel documents produced with your letter of August 1, 2005.

Under these circumstances, I ask that you reconsider your position and immediately produce to me an unredacted set of documents. Otherwise, we will seek a further order and sanctions from the Court.

### II.   Misleading and/or Inaccurate Disclosures

As well, you should be advised that the documents, as organized, are misleading and/or inaccurate.

A. BU document 0567, relating to employee "F", appears unrelated to the employee referenced in BU 0568-0571, which you also identify as employee "F". Specifically, as you will see, 0567 relates to an employee on leave from July 8, 2002 to December 31, 2003, and who was fired on December 31, 2003 because he/she abandoned his/her job. In contrast, documents 0568-0571 relate to an employee who was on leave from October 1, 2003 to December 31, 2003.

B. BU 0586-0588 relate to an employee (supposedly, employee "H") who was on FMLA leave from August 1, 2003 – September 2, 2003, whereas the balance of the

## LAW OFFICES OF HARRY C. BEACH

Attorney Crystal D. Talley
Associate General Counsel
Boston University, OGC
December 5, 2005
Page Three


employee "H" documents relate to an employee who was on leave over three consecutive periods, July 29, 2003-October 21, 2003; October 21, 2003-November 19, 2003; and November 21, 2003-February 20, 2004.

    C. BU 0607-0608, relating to employee "M", do not appear related to the documents stamped BU 0609-0610, which you claim also relate to employee "M".

    D. BU 0616, which you identify as related to employee "O", in fact relates to an employee who was terminated almost two years after the employee (also identified as "O") addressed in BU 0612-0615.

    Lastly, please be advised that once complete documents are produced, we will evaluate the further deposition of George Snowdon to address the now apparent disparities between his testimony and the "other employees" documents.

    Thank you.

Truly yours,

Harry C. Beach

*Fax only*