7

# LAW OFFICES OF HARRY C. BEACH

30 Walpole Street, Norwood, Mass. 02062

E-mail AttyBeach@aol.com
HBeach@HarryBeach.com

Direct Dial: 781.255.5573
Cell             617.968.4531
Fax           781.769.6989

February 15, 2006

Attorney Crystal D. Talley
Associate General Counsel
Boston University, OGC
Boston, MA 02215

    **Re: Linda Mellen v. Trustees of B.U. and Frances Drolette, C.A. No. 04-10644-MEL**

Dear Christy:

    You will find enclosed a copy of plaintiff's Further Motion to Compel and supporting memorandum, which I have transmitted to the Court today.

    As you know, the enclosed Motion is compelled by BU's unilateral redaction of the documents that the Court ordered BU to produce in October 2005 (and which were produced while our initial Motion to Compel was pending, with additional documents produced in December 2005). BU subsequently refused to reconsider its redactions. As we have discussed, the redactions deny to my client the information she needs to identify the allegedly affected employees, and to undertake an investigation of them, including their deposition.

    It has been my view that a simple confidentiality agreement would best address your asserted concerns. I enclose the agreement that we remain willing to enter, in consideration of which we would expect BU to produce unredacted documents.

    If you are agreeable, we will also need from you an agreement that discovery be re-opened to allow us the opportunity to depose the identified former employees. Your previous contention, that the discovery deadline has passed, fails to recognize that BU's redactions were made only after it passed.

## LAW OFFICES OF HARRY C. BEACH

**Attorney Crystal D. Talley**
**Associate General Counsel**
**Boston University, OGC**
**February 15, 2006**
**Page Two**

  If you agree to the enclosed agreement, and to the enclosed stipulation regarding discovery, I will file both with the Court along with a request that it refrain from acting upon the enclosed Motion. Otherwise, we will expect your clients' opposition to the enclosed Motion within the appropriate period.

                Truly yours,

                Harry C. Beach

*Enclosures*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**LINDA MELLEN,**
    **Plaintiff,**

v.

**TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,**
    **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CONFIDENTIALITY STIPULATION

1. In the course of discovery in this action, the plaintiff Linda Mellen has requested certain documents that are in the possession, custody or control of the defendants, which documents may contain personal information pertaining to present and former University employees, in which information such employees may be found to have a reasonable expectation of privacy.

2. Accordingly, the parties agree and stipulate that such personal information, which may for example include references to the employees' job performance and employment status, their medical/physical conditions, their need for family or other types of employment leave, their disciplinary status within the University, as well as their names, shall be considered and held by the parties hereto as "Confidential Personal Information", consistent with the restrictions and requirements below.

3. Confidential Personal Information shall not be disclosed by either party (without the written permission of the other party) to any other entity or individual other than the parties, their counsel, their retained experts or consultants in this action, a witness or a court reporter at a deposition in this action, or the Court in connection with a motion or hearing in this action. This

Stipulation shall not restrict a party's ability to introduce and use the Confidential Personal Information at depositions or in a hearing or trial of this action.

4. Within forty (40) days of the conclusion of the dispute that is the subject of this proceeding, each party shall destroy (or return) all Confidential Personal Information produced by the other party. Counsel may retain such Confidential Personal Information in counsel's file regarding this dispute only.

5. To the extent that the Confidential Personal Information is the subject of deposition inquiry in this action, the party and counsel shall treat the relevant portions of such transcript(s) of such deposition(s) as Confidential Personal Information.

6. This Confidentiality Stipulation shall be filed by the parties with a request that it be entered by the Court as a Protective Order.

7. Each party shall inform experts, consultants, and deposition witnesses of the terms of this Confidentiality Stipulation prior to the disclosure of Confidential Personal Information.

8. The parties' assent to this Stipulation shall not be construed as (1) a waiver of any objection to any document production request except that defendants' objection to production of documents based upon the personal privacy of University employees is waived; (2) a waiver of the right of a party to compel the production of documents in response to any document production request; or (3) an admission that any or all of the Confidential Personal Information covered by this Confidentiality Stipulation is in fact private or otherwise confidential and/or relevant.

9. This Confidentiality Stipulation may only be modified by a written agreement signed by all parties (or their counsel), or by order from the Court.

**Linda Mellen,** by her attorney,

_____
Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.255.5573
Cell: 617.968.4531
HBeach@HarryBeach.com

**Trustees of Boston University and Frances A. Drolette,** by their attorney,


_____
Crystal D. Talley BBO#633759
**Boston University, Office of General Counsel**
125 Bay State Road
Boston, MA 02215
617.353.2326

February ____, 2006

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**LINDA MELLEN,**
    **Plaintiff,**

v.

**TRUSTEES OF BOSTON
UNIVERSITY and FRANCES
A. DROLETTE,**
    **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STIPULATION REGARDING RE-OPENING OF DISCOVERY

In light of the parties' execution of a confidentiality agreement on or about February ____, 2006, and defendants' subsequent, unredacted production of the documents it produced to plaintiff in redacted form on or about August 1, 2005, and December 1, 2005, the parties agree and stipulate that discovery shall be re-opened for 45 days from the date that defendants' production of unredacted documents is received by undersigned counsel for the plaintiff.

Linda Mellen, by her attorney,

_____
Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.255.5573
Cell: 617.968.4531
HBeach@HarryBeach.com

**Trustees of Boston University and Frances A. Drolette,** by their attorney,

_____
Crystal D. Talley BBO#633759

**Boston University, Office of General Counsel**
125 Bay State Road
Boston, MA 02215
617.353.2326

February ____, 2006