UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA MELLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTEES OF BOSTON UNIVERSITY )<br>AND FRANCES A. DROLETTE, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-10644-MEL |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
FURTHER MOTION TO COMPEL PRODUCTION OF UNREDACTED
DOCUMENTS, FOR LEAVE TO CONDUCT FURTHER DISCOVERY
REGARDING SUCH DOCUMENTS, AND FOR THE AWARD OF COSTS**

More than six months after the close of discovery, more than two months after cross-motions for summary judgment were resolved, and just a few weeks before a scheduled mediation, Plaintiff asks this Court to reopen discovery and to compel Defendants to provide personally identifiable information concerning 18 former employees. Plaintiff does not identify a single piece of information she expects to discover that might shed light on her remaining claim. She has not provided sufficient justification to overcome the well-recognized privacy interests of those former employees in their personnel files and has not met the significant showing required to reopen discovery at this late stage. Plaintiff's stratagem should be rejected and the Further Motion To Compel Production of Documents, for Leave To Conduct Discovery, and for the Award of Costs (the "Motion") should be denied in its entirety.

**A.    The Plaintiff Has Not Made a Sufficient Showing To Compel the University To Disclose Personally Identifying Information for Former Employees**

Plaintiff's sole remaining claim in this action is that Defendants deemed her to have resigned when she did not return from FMLA leave in retaliation for her decision to take FMLA leave.  *See* Order Dated October 18, 2005, Docket Entry #31; Order on Motion for Reconsideration Dated December 1, 2005, Docket Entry #35.  In order to prevail on that claim, Plaintiff must show at trial that there is a causal connection between Plaintiff's taking FMLA leave and the decision to accept her resignation when she did not return.  *Hodgens v. General Dynamics Co.*, 144 F.3d 151, 161 (1st Cir. 1998).  Plaintiff claims that she intends to show, among other things, that she "was treated comparatively harsher than employees' [sic] returning to work following extended *non*-family leave."  Memorandum in Support of the Motion (hereinafter "Plaintiff's Memorandum") at 2 (emphasis in original).

In response to Plaintiff's Request No. 5[1] and this Court's Order of October 19, 2005, Defendants have produced documents from the personnel files of 18 former employees concerning the leave of those former employees.  An example of the documents produced for one of the employees is attached hereto as <u>Exhibit 1</u> for the Court's review.  Defendants redacted the names and other identifying information from the documents concerning leave in order to protect the privacy interests of those former employees.  Defendants first produced redacted documents in response to Request No. 5 on August 1, 2005, more than two months before the Court ruled on Plaintiff's initial

---

[1] Plaintiff's Request No. 5 sought "[a]ll documents relating to or otherwise identifying those University employees who were either terminated or determined by the University to have resigned because of their failure to return to their University employment following their extended leave, including but not limited to leave taken pursuant to the FMLA and/or SNLA."

Motion To Compel. Plaintiff never questioned or raised any issue concerning those redactions, or suggested that additional discovery would be necessary based on the documents that had been produced. Even before that production, Defendants had declined to produce the personnel files of current employees who had no involvement in Plaintiff's situation on the grounds that the University was bound to protect the privacy interests of its employees. *See* Letter dated May 25, 2005 from Crystal D. Talley to Harry C. Beach, a copy of which is attached as Exhibit 2 (*citing Whittingham v. Amherst College*, 164 F.R.D. 124 (D. Mass. 1995)). Plaintiff never contested Defendants' position with respect to those files.

Defendants' protection of its current and former employees' privacy rights is well-grounded in established law. Massachusetts courts have long recognized that "personnel files contain perhaps the most private information about an employee within the possession of an employer." *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D. Mass. 1995) (denying plaintiff's request for access to personnel files). *See also Coholan v. Eastern Lumber Co., Inc.*, 61 Mass.App.Ct. 1116 (Mass.App.Ct. 2004) (affirming lower court's denial of motion to compel where plaintiff "neither identified the employees nor established the relevance" to his claims on the ground that it was a "fishing expedition"). Indeed, Massachusetts provides employees with statutory protection for confidential information contained in personnel files, and recognizes a cause of action against an employer who releases information from a personnel file in violation of that right. *See*, *e.g.*, *Bratt v. IBM*, 392 Mass. 508, (1984) (explaining that M.G.L. ch. 214, § 1B prohibits the "disclosure of facts about an individual that are of a highly personal or intimate nature when there exists no legitimate, countervailing

3

interest"); *Skelley v. Trustees of the Fessenden School*, No. CIV.A. 94-2512, 1994 WL 928172, *8 (Mass. Super. May 2, 1994) ("because there is a high expectation of privacy in a personnel file, the release of information from a personnel file is also a substantial interference with the right to privacy").

Under these circumstances, Defendants appropriately balanced Plaintiff's need for discovery against the University's current and former employees' right to privacy. Defendants provided the documents concerning leave so that Plaintiff could review those files and determine the circumstances of leave and any subsequent termination. Plaintiff no doubt will be able to make good use of those documents. For example, at least one letter confirms that the University both called and wrote to an employee who had not returned from FMLA leave before that employee's employment was terminated. *See* Exhibit 1 at BU 0536. With that information in hand, it is difficult to imagine why Plaintiff needs to obtain the identity of that employee, let alone delve into the details of any performance reviews, medical documents, retirement benefits, or other documents that may be in that employee's personnel file.

Indeed, after having months to review the documents from the files of 18 former employees, Plaintiff has not identified a single reason – let alone the particularized showing that is required – that the identity of the former employees should be released. She has not, for example, made any proffer as to how the testimony of any one of those former employees might bear on Plaintiff's claims. Plaintiff has not identified even generally what additional information she expects to obtain by learning the identity of the former employees. Plaintiff, by her own argument, acknowledges that the documents already in her possession provide her with a basis for arguing that her treatment was

4

"inconsistent with [the University's] own family leave policies." Plaintiff's Memorandum at 2 n.2. Plaintiff does not contend that the identity of the individuals will add anything of substance. It is worth noting that Request No. 5 is limited to employees who were "terminated or determined by the University to have resigned" and does not even cover employees who were not terminated – presumably the most likely source of evidence that Plaintiff was treated "comparatively harsher." In the end, Plaintiff's request in this case is nearly identical to the request the Court rejected in *Whittingham*:

> Personnel files contain perhaps the most private information about an employee within the possession of an employer. Nonetheless, Plaintiff requests the Court to order the Defendant to hand over entire files of employees without any particularized showing that any, let alone all, of the information therein is relevant to his claims. Again, while discovery is usually broad, Plaintiff has not demonstrated that the files he seeks, even if marginally relevant, outweigh the privacy interests of these individuals.

*Whittingham*, 164 F.R.D. at 127-28. Plaintiff's claim should be rejected for the same reason.

Moreover, Plaintiff has had ample opportunity to take discovery on this point. First, Plaintiff asked each of the current and former University administrators who were deposed about leave practices generally and about the consequences, if any, for other employees who did not return from leave on time. *See*, *e.g.*, Transcripts of Robert Meenan (Dean, School of Public Health), George Snowdon (Director of Personnel, Medical Campus), Frances Drolette (Plaintiff's immediate supervisor) and Dzidra Knecht (Plaintiff's prior supervisor), portions of which were attached to both parties' summary judgment filings. Plaintiff quoted from those depositions at length in summary judgment submissions to support her contention that Plaintiff was treated more harshly than others who had taken leave. Second, Plaintiff had every opportunity to depose other University

5

employees who took leave and returned to their employment with the University. For example, Plaintiff deposed Eileen Dennis, a current employee on the University's medical campus, about her leave and the circumstances of her return.[2] Ms. Dennis was not a witness to facts concerning Plaintiff's claim and testified about her own experience at the University as an individual who took and returned from leave. Plaintiff never sought to depose any other current University employee who took leave of any kind. In sum, Plaintiff has had ample opportunity to take discovery on this point, and has made no showing why the privacy rights of former employees should be invaded in this case. Defendants should not be required to disclose the identity of former employees or any other documents from their personnel files.[3]

### B.    Discovery Should Not Be Re-Opened

Plaintiff's request to reopen discovery in this matter is unfounded, particularly given that the parties agreed to mediation more than two months ago and that mediation is now merely a few weeks away. As discussed above, Plaintiff has not provided even a single example of additional discovery that is likely to shed light on Plaintiff's claims, and has made no effort to meet the more substantial showing that would be required to reopen discovery months after it has closed and cross-motions for summary judgment have been resolved.

---

[2] Plaintiff's discussion of the proposed confidentiality order in connection with the deposition of Ms. Dennis is inaccurate. *See* Memorandum at 3 n.4. Plaintiff's counsel contended in his December 5, 2005 letter (a copy of which is attached at Tab 5 to Plaintiff's Memorandum) that Plaintiff had proposed that the parties enter into a confidentiality order and that Defendants had refused. That is simply inaccurate. As Defendants pointed out in their letter of December 6 (a copy of which is attached to Plaintiff's Memorandum at Tab 6), counsel for the University asked counsel for Plaintiff to enter into a confidentiality order prior to Ms. Dennis' deposition and Plaintiff's counsel refused. Defendants have never suggested that their proposal to enter into a confidentiality order before the Dennis deposition related to the redaction issue.

[3] Even if the Court were to consider ordering Defendants to disclose the identity of former employees, Defendants respectfully request that the Court make clear that Defendants are not required to disclose any documents from personnel files that do not relate to the circumstances of that employee's leave.

Further, Plaintiff's request to reopen discovery is untimely. Plaintiff's initial Motion To Compel was itself filed after discovery in this matter had closed, and did not ask the Court to extend discovery to permit Plaintiff to take further discovery in the event that additional documents were produced. Indeed, Plaintiff did not even suggest in that Motion that additional discovery would be needed. As discussed above, Plaintiff's current Motion does not identify a single witness who conceivably could have any information that might bear on Plaintiff's claim, and does not describe any specific further discovery that she claims is necessary. Correspondence from Plaintiff's counsel, however, makes clear that she hopes to have the opportunity to take discovery she simply neglected to take during the discovery period. For example, Plaintiff appears to intend to depose the Keeper of the Records and to further depose George Snowdon, Director of Human Resources for the Medical Campus. Plaintiff never noticed a deposition of the Keeper of the Records during the course of discovery. Further, Plaintiff had a full opportunity to depose Mr. Snowdon during discovery and completed that deposition without any reservation of right to reopen the deposition or even the suggestion that further testimony would be necessary. The Court should reject Plaintiff's invitation to reopen discovery at this late date.[4]

### C. Costs Should Not Be Awarded To Plaintiff

Finally, the Court should deny Plaintiff's request that costs be awarded. Costs should not be awarded where the opposing party's position is a "substantially justified,"

---

[4] If the Court does consider Plaintiff's request to reopen discovery, Defendants respectfully request that the Court limit further discovery to depositions of the former employees whose files have been produced. Plaintiff has offered no justification for her failure to take other discovery that she now appears to seek, such as a deposition of the Keeper of the Records or a further deposition of Mr. Snowdon. If discovery were to be reopened, it should be reopened only for specifically delineated discovery.

Fed. R. Civ. P. 37(a)(4)(A), a standard that is satisfied where there is a "genuine dispute." *Notice v. DuBois*, 187 F.R.D. 19, 20 (D. Mass. 1999) (*quoting* Advisory Cmte Notes on 1970 Amendments). *See also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (explaining that "substantially justified" does not mean "justified to a high degree," but rather "justified to a degree that could satisfy a reasonable person"). As detailed *supra*, the University's determination to produce documents with personal information redacted was consistent with its production of documents prior to the Order. Further, given the well-established legal protection of personal information in personnel files and the prospect of civil claims for violation of Mass. G. L. ch. 214, § 1B, the University's production of personnel files with personal information redacted certainly formed the basis of a genuine dispute.[5]

---

[5] Fed. R. Civ. P. 37(a)(4)(A) also prohibits an award of fees where the moving party failed to make a good faith effort to resolve the matter short of seeking the Court's intervention. Plaintiff certainly violated the spirit – if not the letter – of that rule as well. The parties exchanged correspondence on the subject of the redacted documents in December, 2005, but counsel for Plaintiff never responded to the last letter from Defendants, dated December 6, 2005. The parties agreed later that month to refer the matter to mediation. *See* Docket Entry # 36. Nothing further was said or written on the subject until counsel for Plaintiff filed this motion. On the same date he mailed the motion, he mailed a letter to Defendants proposing a resolution short of Court intervention. *See* Plaintiff's Memorandum at Tab 7. Plaintiff's LR 37.1 Certification declares that "[t]oday I [counsel for Plaintiff] made further attempts to resolve our differences on this issue by proposing to University counsel, by letter, that the parties enter into stipulations regarding confidentiality and the related re-opening of discovery. If this effort is successful, I intend to advise the Court in a timely manner." The University respectfully suggests that sending a letter proposal (by mail) simultaneously with filing a motion is unlikely to be the good faith effort at resolution that LR 37.1 contemplates. *See also* Docket Nos. 15, 20, 32, which do not contain a LR 37.1 certification from Plaintiff.

## CONCLUSION

WHEREFORE, Defendants respectfully request that Plaintiff's Motion be denied in its entirety.

                                      TRUSTEES OF BOSTON UNIVERSITY
                                      AND FRANCES A. DROLETTE

                                      By their attorneys,


                                      _____/s/_____
                                      Lawrence S. Elswit, BBO # 153900
                                      Crystal D. Talley, BBO # 633759
                                      Boston University
                                      Office of the General Counsel
                                      125 Bay State Road
                                      Boston, Massachusetts  02215
                                      (617) 353-2326

Dated: March 3, 2006