UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA MELLEN,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY<br>AND FRANCES A. DROLETTE,<br><br>Defendants. | Civil Action No. 04-10644-MEL |

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO QUASH SUBPOENA
### AND FOR ENTRY OF A PROTECTIVE ORDER

INTRODUCTION

All that remains of this litigation is Plaintiff's claim that Defendants Trustees of Boston University and Frances A. Drolette (together, the "University") retaliated against her for taking FMLA leave by concluding that she had resigned when she failed to return from that leave. *See* Order Dated October 18, 2005, Docket Entry #31; Order on Motion for Reconsideration Dated December 1, 2005, Docket Entry #35. Now, more than a year after the close of discovery in this case, which is scheduled for trial beginning December 11, 2006, Plaintiff has served a Subpoena on a non-party, seeking documents concerning an unrelated litigation between Boston University and two former employees. It is clear from the terms of the subpoena that all the documents Plaintiff seeks are also possessed by the University. Plaintiff's failure to seek the Court's permission to reopen discovery severely prejudices the University and should not be permitted. The University respectfully requests that the subpoena be quashed and that a protective order enter.

## Background

On August 22, 2006, Plaintiff's counsel served a Subpoena upon the Law Offices of Wendy A. Kaplan, seeking documents in an unrelated case, *Linda Pivacek and Marilyn Leavy v. Trustees of Boston University and C. Robert Valeri, M.D.*, Civil Action No. 02-2294 (Massachusetts Superior Court, Suffolk County) (the "*Pivacek/Leavy* Litigation"). Copies of the Subpoena and its Schedule A, identifying the documents Plaintiff seeks, are attached hereto as Exhibit 1.[1] That case was dismissed by a joint stipulation filed June 11, 2003.[2] The Subpoena seeks documents "generated, created or produced" in the course of the *Pivacek/Leavy* Litigation, as well as statements made or adopted by Boston University employees during the course of that Litigation.

Discovery in this case closed June 24, 2005 [Docket No. 11], well over a year ago. At no time did Plaintiff ever seek documents concerning the unrelated *Pivacek/Leavy* Litigation from the University. As noted above, the University, as well as counsel for the plaintiffs in the *Pivacek/Leavy* Litigation, possess all of the requested documents. Had Plaintiff requested those documents during discovery, the University certainly would have objected to their production on relevance grounds, among others. Instead, Plaintiff attempted to secure these documents for the first time just two weeks ago, when she served a subpoena on counsel for plaintiffs in the *Pivacek/Leavy* Litigation.

---

[1] Plaintiff did not serve a copy of the Subpoena on counsel for the Defendants at the time of service. Instead, her attorney sent an e-mail to the University's counsel a week later, advising that he had effected service of the subpoena. Exhibit 2.

[2] A Protective Order entered by the Court to govern discovery in that matter is attached as Exhibit 3.

## Argument

Plaintiff's service of a third-party subpoena now—more than one year after discovery closed, following this Court's ruling on summary judgment, and a few short months before trial is scheduled to begin—is unduly burdensome, and circumvents the discovery process to the prejudice of the University. A party seeking discovery after the deadline for discovery has passed must seek the Court's permission to reopen discovery. *Down Easy Energy Corp. v. Niagara Fire Ins. Co.*, 176 F.3d 7, (1st Cir. 1999) (affirming denial of motion to reopen discovery filed eight months after the close of discovery); *United States v. Sayer*, 450 F.3d 82, 90 (1st Cir. 2006) (affirming denial of motion to reopen discovery). Plaintiff did not do so but, rather, has elected to try an end run around the governing decisions in this Circuit. The Subpoena should be quashed, and a protective order should enter, for that reason alone. In addition, when considering a motion to reopen discovery a Court typically considers, among other things, "whether the reason given for needing more time has force" and "whether further discovery is likely to lead anywhere productive." *Sayer*, 450 F.3d at 90. Plaintiff cannot make either showing.

The *Pivacek/Leavy* Litigation was filed in May of 2002. It was dismissed by joint stipulation in June of 2003, several months before the Plaintiff in this case, Linda Mellen, even began the FMLA leave that is the subject of this litigation. The *Pivacek/Leavy* complaint is a matter of public record, and a search of the Suffolk Superior Court docket (accessible online) would have revealed that the University was a defendant. Plaintiff had several years to seek the information from <u>the University</u> that she now seeks from a <u>third party</u>.

The Subpoena seeks documents "generated, created or produced" in the course of the *Pivacek/Leavy* Litigation, as well as statements made or adopted by Boston University

employees during the course of that Litigation. In this case, Plaintiff never requested documents concerning the *Pivacek/Leavy* Litigation, even though the Subpoena obviously seeks documents that the University, as well as counsel for the plaintiffs in the *Pivacek/Leavy* Litigation, possesses. There is no reason for her failure to have done so during the allowed discovery timetable.

Nor is the discovery Plaintiff now seeks "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The *Pivacek/Leavy* Litigation itself has no bearing on the single claim remaining in Plaintiff's case, namely, whether the University deemed her to have resigned when she did not return from FMLA leave in retaliation for her decision to take FMLA leave. Indeed, the Subpoena encompasses the testimony of an individual who has never been identified by either party has having anything to do with this case (Michael J. Donovan). It also seeks documents concerning the Massachusetts Small Necessities Leave Act, even though judgment has already entered for the University on Plaintiff's SNLA claim. The documents sought that are not specific to the *Pivacek/Leavy* Litigation have already been produced by the University in this case. The Subpoena seeks, for example, "policies, procedures, rules and practices at Boston University with respect to employee leave under the Federal Family and Medical Leave Act." The University already produced those documents in this case. But Plaintiff never requested documents specific to the *Pivacek/Leavy* Litigation from the University.

Plaintiff's stratagem substantially prejudices the University. If Plaintiff had requested the documents during the normal discovery process, the University would have objected on grounds of relevance, and Plaintiff would have been required to file a motion to compel, and attempt to justify her request. But serving a subpoena on the lawyer for the other parties in unrelated

litigation against Boston University—after discovery in this case has closed—is a blatant attempt to deprive the University of the opportunity to challenge her right to this late discovery. The complaints in the *Pivacek/Leavy* Litigation are highly inflammatory, and have no obvious bearing on this case. The Court should not countenance Plaintiff's effort to avoid argument and analysis by serving a third-party subpoena long after discovery has closed.

Courts generally are loathe to require non-parties to respond to a subpoena seeking documents that are available from a party, noting that the "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 716-17 (1st Cir. 1998) (affirming denial of motion to compel production of documents in response to subpoena where "the same information was otherwise available to [the party] by direct discovery"). *See also Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977 (Fed. Cir. 1993) (denying motion to compel nonparty's production of documents concerning earlier litigation where movant did not seek documents from party).

If this Court declines to quash Plaintiff's subpoena, the protective order entered in the *Pivacek/Leavy* Litigation (Ex. 3) will impose the addition burden of requiring both Plaintiff's attorney in the *Pivacek/Leavy* Litigation and the University's counsel to review the various documents and determine whether they are subject to that protective order. If there is a disagreement, it is possible—indeed, likely—that this Court may be asked to interpret the scope of a Suffolk Superior Court order.

This Court has already allowed Plaintiff additional discovery. On July 26, 2006, some eight months after the Court ruled on the University's motion for summary judgment, the Court ordered the University to provide Plaintiff with the names of up to three former Boston

University employees who had not returned to work following the expiration of FMLA leave. There is no reason to further expand the scope of discovery beyond the discovery deadline.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Subpoena be quashed and that a protective order be entered.

TRUSTEES OF BOSTON UNIVERSITY<br>
AND FRANCES A. DROLETTE,<br>
By their attorneys,<br><br>

/s/Crystal D. Talley<br>
Lawrence S. Elswit, BBO # 153900<br>
Crystal D. Talley, BBO # 633759<br>
Boston University<br>
Office of the General Counsel<br>
125 Bay State Road<br>
Boston, Massachusetts 02215<br>
(617) 353-2326

Dated: September 7, 2006