# EXHIBIT 1

# LAW OFFICES OF HARRY C. BEACH

30 Walpole Street, Norwood, Mass. 02062

E-mail AttyBeach@aol.com or
HBeach@HarryBeach.com

Direct Dial:  781.255.5573
Cell          617.968.4531
Fax           781.769.6989

August 22, 2006

Keeper of Records
Law Offices of Wendy A. Kaplan
18 Tremont Street
Boston, MA 02108

**Re: Linda Mellen v. Trustees of Boston University and Frances Drolette, No. 04-10644-MEL (U.S. District Court, D. Massachusetts)**

Dear Keeper of Records/Attorney Kaplan:

Following discussions with your staff, you will find enclosed a Subpoena in a Civil Case, with Schedule A attached, issued by my office.

Please feel free to contact my office if you have any questions. Please be advised that I am willing to accommodate you should you need additional time to produce the documents, or wish to produce them in your Boston office rather than my office in Norwood.

Thank you.

Truly yours,

Harry C. Beach

*Enclosures*
*Certified Mail, Return Receipt Requested*

08-28-06 09:47am From- 7817696989 T-202 P 02/03 F-800
Case 1:04-cv-10644-MEL Document 50-2 Filed 09/07/2006 Page 3 of 13
AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF     Massachusetts

LINDA MELLEN            SUBPOENA IN A CIVIL CASE

V.

TRUSTEES OF BOSTON UNIVERSITY, et al.     Case Number:[1] 04-10644-MEL

TO: Keeper of Records, Law Offices of Wendy A. Kaplan, 18 Tremont Street, Boston, MA 02108

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See documents identified in Schedule A, attached hereto.

| PLACE    Law Office of Harry C. Beach, 30 Walpole St., Norwood, MA 02062 | DATE AND TIME    9/12/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    /s/ Beach   ATTORNEY FOR PLAINTIFF | DATE    8/22/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Harry C. Beach, Esq., 30 Walpole Street, Norwood, MA 02062   781.255.5573   HBeach@HarryBeach.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# SCHEDULE A

## I. INSTRUCTIONS AND DEFINITIONS

A. The relevant time period shall be January 1, 1995 – present, unless otherwise stated.

B. Rule 2.06, Uniform Definitions in Discovery Requests, is incorporated by reference into these discovery requests.

C. "University" shall mean Boston University, including but not limited to University's Trustees, Charles River Campus, and its Medical Campus.

D. "Snowdon" shall mean George T. Snowdon of the University's personnel office.

E. "Meenan" shall mean University Dean Dr. Robert M. Meenan.

F. "Chobanian" shall mean University President Dr. Aram V. Chobanian.

G. "Donovan" shall mean University Senior Associate Vice President Michael J. Donovan.

H. The term, "FMLA", shall mean the Family Medical Leave Act, and the regulations promulgated in connection therewith.

I. The term, "SNLA", shall mean the Massachusetts Small Necessities Leave Act, and the regulations promulgated in connection therewith.

J. If the person or entity subpoenaed in connection with this Schedule A object to the production of any of the documents described and requested in this subpoena on the basis of any privilege, on the basis that the document(s) constitute(s) work-product materials, or are otherwise not encompassed by the scope of discovery permitted by Fed.R.Civ.P., R. 34, the person or entity subpoenaed is requested to furnish to the plaintiff a list of all such documents withheld, which list shall include the date of the document; the identity of the person(s) who prepared the document; the general topic(s) addressed in the document; the identity of the person(s) to whom the document is addressed; the identity of all persons who received the document; and the grounds upon which you rely to withhold the document from production to the plaintiff.

## II. DOCUMENTS REQUESTED

(1) All documents constituting or relating to statements - whether written or oral, and whether sworn or unsworn – made, endorsed, or otherwise adopted or ratified by, the following persons in connection with the issues, claims, and/or defenses associated with the lawsuit, *Linda Pivacek and Marilyn Leavy v. Trustees of Boston University and C. Robert Valeri*, M.D., Civil Action No. 02-2294 (Massachusetts Superior Court, Suffolk County), or in any related proceeding before the Massachusetts Commission Against Discrimination (hereinafter, the "*Pivacek/Leavy* Litigation"):

(a) George T. Snowdon;

(b) Dr. Robert M. Meenan;

(c) Dr. Aram V. Chobanian;

(d) Michael J. Donovan.

(2) All documents generated, created, or produced in the course of the *Pivacek/Leavy* Litigation that relate to the policies, procedures, rules, and practices at Boston University with respect to employee leave under the Federal Family and Medical Leave Act and/or to the Massachusetts Small Necessities Leave Act.

(3) All documents generated, created, or produced in the course of the *Pivacek/Leavy* Litigation relating to claims or allegations of employment-related retaliation against University employees - by University managers, administrators, agents, trustees, and/or officers - on account of said employees' requesting or taking FMLA or SNLA leave, and/or said employees' assertion of their rights to take such leave.

(4) All documents generated, created, or produced in the course of the *Pivacek/Leavy* Litigation relating to employee leave other than FMLA or SNLA leave.

# EXHIBIT 2

## Talley, Crystal D

| | |
|---|---|
| **From:** | attybeach@aim.com |
| **Sent:** | Monday, August 28, 2006 9:36 AM |
| **To:** | Elswit, Lawrence S; Talley, Crystal D |
| **Subject:** | Mellen v. BU/Attorney Wendy Kaplan |
| **Attachments:** | Schedule A.doc |

Larry, Christy:

Please be advised that last week I effected service of a subpoena upon the Keeper of Records, Law Offices of Wendy Kaplan, which called for the production of certain documents at my office on September 12, 2006, at 10:00 a.m. I do not intend to conduct a deposition of the Keeper, but only to receive the documents at that time.

A listing of the documents I have subpoenaed is attached to this email (Schedule A).

You are welcomed to review the documents with me at the appointed time. I expect that Attorney Kaplan's office will require me to pay the court reporter's fee in connection with any depositions produced and, therefore, I expect that you too will be required to pay the court reporter the same fee in order to obtain the same transcripts.

If the production date and place are changed between now and the 12th, I will let you know.

Harry

Law Offices of Harry C. Beach
30 Walpole Street
Norwood, MA 02062

Office: 781.255.5573
Cell: 617.968.4531
Fax: 781.769.6989
Email: AttyBeach@aol.com
HBeach@HarryBeach.com
Domain: HarryBeach.com

---

**Check Out the new free AIM(R) Mail** -- 2 GB of storage and industry-leading spam and email virus protection.

9/7/2006

# EXHIBIT 3

NOTIFY

RECEIVED
DEC 3
OFFICE OF THE
GENERAL COUNSEL

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                SUPERIOR COURT

)
LINDA PIVACEK and                )
MARILYN LEAVY,                   )
                                 )
    Plaintiffs,                  )
                                 )
        vs.                      )   CIVIL ACTION NO. 02-2294
                                 )
TRUSTEES OF BOSTON UNIVERSITY,   )
and C. ROBERT VALERI, M.D.       )
                                 )
    Defendants                   )
                                 )

### PROTECTIVE ORDER

Pursuant to Mass. R. Civ. P. 26(c), the parties in the above-captioned action hereby agree and stipulate, through their respective counsel, to the entry of an order for the protection of confidential information that may be produced or otherwise disclosed by them or by third parties during the course of discovery in this action, as follows:

1. For purposes of this Order, "confidential information" shall mean any information that any party reasonably believes invades privacy interests, discloses trade secrets, or contains privileged information, including but not limited to, information concerning financial operations or arrangements, and/or medical or psychiatric records. No document available to the public shall be designated as "confidential."

2. All documents provided by any party to the opposing party or its, his or her counsel which constitute confidential matters shall be designated by the producing party as "confidential" at the time of production, or as soon thereafter as the producing

party becomes aware that materials produced contain or include confidential information. For documents produced prior to execution of this Order, parties shall have 30 days from execution to designate said documents as "confidential." Each page of any document designated as confidential shall be so marked.

3. Confidential documents shall be used solely for the purposes of litigation of this case and not for any other purpose.

4. Confidential documents may be disclosed by the parties or their counsel only to: (a) the Court; (b) the parties, and with respect to defendant University, only to designated individuals with a need to know; (c) members of the parties' counsels' respective staffs who assist in this case; and (4) actual or potential witnesses with a need to know. With respect to Plaintiffs' confidential medical and /or financial records, these shall be disclosed to expert witnesses who are or may be testifying on Defendants' behalf with respect to Plaintiffs' claims for emotional distress damages or financial losses.

The parties shall disclose confidential materials to lay or expert witnesses only as is reasonably necessary for the prosecution or defense of this action and only after such actual or potential witness to whom disclosure is to be made has been provided with a copy of this Order, and has executed the "Confidentiality Agreement" in the form annexed hereto as Exhibit A.

5. Any party can designate as "confidential" any portion of a deposition which includes confidential information. Said confidential portion of the deposition shall be marked as such and shall be treated as a confidential document as set forth above. All or portions of deposition testimony may be designated as "confidential" by invoking this

Protective Order on the record with respect to designated testimony at the time of the deposition.

The designation of "confidential," pursuant to this Order shall not be construed as an admission by a producing party that such information is relevant or material to any issue or is otherwise admissible as evidence. In addition, nothing in this Order shall waive the right of any party to object to production of any particular document on the grounds of confidentiality or privacy, by filing a motion for a protective order or any other means allowed by law.

7. In the event that a producing party discovers that information or documents have been inadvertently disclosed which are subject to attorney-client privilege or the work-product doctrine, the producing party shall notify the receiving party within three (3) days of discovery of the error. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice, notwithstanding any assertion that the information or documents are not privileged.

8. Within sixty (60) days of the final termination of this action, by judgment, settlement or otherwise, the parties through their counsel shall be responsible for either (1) returning to opposing counsel any and all confidential documents which have not been published during the litigation; or (2) destroying any and all confidential documents which have not been published during the litigation.

Notwithstanding the foregoing, counsel of record shall be entitled to maintain, within its own internal files, copies of the pleadings, motions and discovery (including transcripts and exhibits), and any exhibits introduced at trial of this action.

9. Upon final determination of this action, by judgment, settlement or otherwise, the provisions of this Order shall continue to be binding upon the parties, their counsel, third parties and anyone to whom confidential information has been disclosed pursuant to this Order.

ATTORNEYS FOR DEFENDANT
TRUSTEES OF BOSTON
UNIVERSITY

By: _Erik Geetter_

Dated: _November 20, 2002_

ATTORNEYS FOR DEFENDANT C.
ROBERT VALERI, M.D.

By: _Ingrid Eisend_

Dated: _November 12, 2002_

ATTORNEY FOR PLAINTIFFS
MARILYN LEAVY AND LINDA
PIVACEK

By: _[signature]_

Dated: _11/15/02_

Entered by the Court this _26_ th day of _November_, 2002.

_Nancy Staffier_
Judge of the Superior Court

4

EXHIBIT A

PROTECTIVE ORDER

_____, being duly sworn, deposes and says:

1. I reside at _____, in the City of _____, and state of _____. I am employed by _____, in the position of _____.

2. I have read and I fully understand the provisions of this Protective Order dated _____. I agree to be bound by its terms and to maintain the confidentiality of documents subject to the terms of the Protective Order.

3. I hereby submit to the jurisdiction of the Commonwealth of Massachusetts, Suffolk Superior Court, for the purposes of enforcing the Protective Order.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _____TH DAY OF _____, 200\_.

_____
Signature

_____
Print