3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.  SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 02-2294

|  |  |
|---|---|
| LINDA PIVACEK and <br> MARILYN LEAVY, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUSTEES OF BOSTON UNIVERSITY, <br> and C. ROBERT VALERI, M.D., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED ANSWER OF DEFENDANT TRUSTEES OF BOSTON UNIVERSITY

Defendant Trustees of Boston University (the "University") hereby files its Amended Answer to Plaintiffs' Complaint as follows:

1. Denied.

2. The University admits sentences 1, 2, and 4 of Paragraph 2. In response to the third sentence of Paragraph 2, the University admits only that Pivacek is over the age of 40 and is a female.

3. The University admits sentences 1 and 3 of Paragraph 3. In response to the second sentence of Paragraph 3, the University admits only that Leavy was born on June 6, 1946, and is a female.

1

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. The University admits only that, on or about March 11, 2001, it received a copy of the document attached to Plaintiffs' Complaint as Exhibit 3. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. The University admits only that sometime in April, 2001, it received a copy of the document attached to Plaintiffs' Complaint as Exhibit 4. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. The University admits only that Pivacek has been under Dr. Valeri's supervision as an employee of the Naval Blood Research Laboratory at Boston University since 1982. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. Denied.

14. Admitted.

15. The University admits only that Leavy has been under Dr. Valeri's supervision as an employee of the Naval Blood Research Laboratory at Boston University since 1979. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied.

21. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. The University admits only that employees other than Plaintiffs have spoken to the Medical Campus Office of Personnel about dissatisfaction with their employment at the Naval Blood Research Laboratory, but otherwise denies the remaining averments of this paragraph.

35. The University admits only that Leavy spoke with Michael Donovan about Dr. Valeri.

36. Denied.

37. The University admits only that the Dean informed Dr. Valeri that there had been complaints about his conduct, but otherwise denies the remaining averments of this paragraph.

38. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. The University admits that it has investigated some complaints against Dr. Valeri, denies that it "substantiated" them, and admits the remaining allegations in Paragraph 39.

40. Denied.

41. Denied.

42. The University admits only that it continues to employ Dr. Valeri. The remaining averments of this paragraph are denied.

43. Denied.

44. Denied.

45. The University admits only that Pivacek and Leavy have complained to the Medical Campus Office of Personnel about Dr. Valeri, but otherwise denies the remaining averments of this paragraph.

46. The University admits only that Pivacek complained to Michael Donovan about Dr. Valeri, and that a former employee of the Naval Blood Research Laboratory

transferred to Mr. Donovan's office. The remaining averments of this paragraph are denied.

47. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. The University admits only that, in October of 2001, Plaintiffs, acting through their attorney, submitted affidavits to the University's Office of the General Counsel, setting forth complaints against Dr. Valeri. The remaining averments of this paragraph are denied.

50. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. The University admits only that Plaintiffs, through their counsel, provided the University with notes from counselors, which speak for themselves. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

54. The University admits only that both plaintiffs went out on sick leave, and denies the remaining averments in this paragraph.

55. The University admits that on October 19, 2001, Plaintiffs, through their counsel, began communicating with the University, and requested paid administrative leave.

56. The University admits only that Plaintiffs have not worked since mid-October of 2001, and that their absence from the workplace has been counted against their accrued sick and vacation leave.

57. Admitted.

58. Denied.

59. The University admits that, on or about March 7, 2002, Dean Chobanian wrote to each of the Plaintiffs informing them of the results of the University's investigation. The contents of Dean Chobanian's letters speak for themselves.

60. The University admits only that, at its request, Dr. Valeri was examined by a psychiatrist, and that Plaintiffs have not been provided with a copy of this assessment.

61. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiffs' Complaint.

62. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiffs' Complaint.

63. The University admits only that it is aware of two instances in which employees who were planning on leaving employment at the Naval Blood Research Laboratory were allowed to use their accrued vacation time prior to their termination such that, at the time of their termination, their accrued vacation time was within the

maximum amount allowed under the University' personnel policies. The University further avers that it is not aware of any employees at the Naval Blood Research Laboratory who have been allowed to use sick time in excess of that allowed under the University's personnel policies. The remaining allegations of this paragraph are denied.

64. The University admits only that Plaintiffs' departmental files show sick and vacation leave balances beyond the accrual allowed under University policy, and that Plaintiffs have been allowed to use sick and vacation time during their absence from the University since October of 2001.

65. Denied.

66. The University denies the first sentence of Paragraph 66. In response to the remaining averments, the University admits only that Plaintiffs have been informed that they will be paid for all accrued vacation time.

67. Denied.

68. Denied.

69. Denied.

COUNT ONE

70. The University incorporates by reference its response to the allegations set forth in Paragraphs 1 through 69 of the Complaint.

71. The University admits that Plaintiffs are protected from employment discrimination and retaliation by M.G.L. 151B, but denies that the University engaged in any employment discrimination or retaliation.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

COUNT TWO

77. The University incorporates by reference its response to the allegations set forth in Paragraphs 1 through 76 of the Complaint.

78. Admitted.

79. Denied.

80. Denied.

81. Denied.

COUNT THREE

82. The University incorporates by reference its response to the allegations set forth in Paragraphs 1 through 81 of the Complaint.

83. Denied.

84. Denied.

85. The University admits that Plaintiffs filed Charges of Discrimination with the MCAD.

86.  The University admits only that it was aware that Plaintiffs filed Charges of Discrimination with the MCAD.

87.  Denied.

COUNT FOUR

88.  The University incorporates by reference its response to the allegations set forth in Paragraphs 1 through 87 of the Complaint.

89.  Defendant admits that Plaintiffs are protected by state and federal and constitutional law, but denies that they were subject to sex discrimination or age discrimination, or that their work environment was permeated with discrimination, abuse, or threats.

90.  Paragraph 90 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 90 alleges facts, they are denied.

COUNT FIVE

91.  The University incorporates by reference its response to the allegations set forth in Paragraphs 1 through 91 of the Complaint.

92.  Denied.

92.  Denied.

94.  Paragraph 94 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 94 alleges facts, they are denied.

95.  Paragraph 95 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 95 alleges facts, they are denied.

PRAYER FOR RELIEF

The University denies that Plaintiffs are entitled to any of the relief prayed for, as set forth in the paragraphs numbered 1 through 9 in Plaintiffs' Prayer for Relief.

AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), the University states as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Counts I through III of the Complaint are barred by the statute of limitations.

3. Plaintiffs, by their own conduct, have waived any claims they may have against the University.

4. Plaintiffs' claims are barred because the injuries, damages or losses sustained, if any, were caused by their own acts or the acts or failures to act of parties for whom the University is not responsible.

5. Plaintiffs are barred from recovery because they have voluntarily assumed the risks of the conduct alleged in the Complaint.

6. Plaintiffs are estopped from securing any recovery on any claims against the University by virtue of their own conduct.

WHEREFORE, Defendant Trustees of Boston University requests that this Court:

1. Dismiss Plaintiffs' Complaint;

2. Award the University judgment, plus costs and attorneys' fees; and

11

3. Grant the University such further relief as the Court deems appropriate.

TRUSTEES OF BOSTON UNIVERSITY,
By its attorneys,

*Erika Geetter*

Erika Geetter (BBO #635083)
Lawrence S. Elswit (BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215

Date: August 5, 2002          (617) 353-2326

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each other party by mail/by hand.

Date: 8-5-02   *Erika Geetter*

12