UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**COPY**

CIVIL ACTION NO.

SONIA J. SZABO
Plaintiff

v.

**96-10806-GAO**

**TRUSTEES OF BOSTON UNIVERSITY,**
**ROBERT LABADIE,** Individually and as he is supervisor of Defendant University,
**JAG BHAWAN,** Individually and as he is director of Defendant University,
Defendants

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Sonia Szabo's ("Ms. Szabo") employment with and termination by the Trustees of Boston University ("University"). Ms. Szabo was employed by the University as a histology technician in its Department of Dermatology since 1991. During the summer of 1993, Ms. Szabo was subjected to an incident of sexual harrassment by her immediate supervisor, Robert Labadie ("Mr. Labadie"). Ms. Szabo complained about this harrassment to the Director of the Dermatology Lab, Jag Bhawan ("Mr. Bhawan") and to the Chairperson of the Dermatology Lab, Barbara Gilchrist ("Ms. Gilchrist"). Ms. Szabo was told that her complaint would be investigated. Immediately following said complaints, Mr. Labadie told Ms. Szabo he would "get even" with her for making said complaint.

2. The Defendants retaliated against Ms. Szabo for making said complaint of sexual harrassment by (a) refusing Ms. Szabo's repeated requests for maternity leave in connection with a high risk pregnancy she underwent from approximately July, 1994 through March, 1995 (this pregnancy ended in a stillbirth on or about March, 1995); (b) denying Ms. Szabo a yearly bonus; (c) denying Ms. Szabo the opportunity to become certified as a histology technician; and (d) terminating Ms. Szabo employment in October, 1995.

3. Ms. Szabo alleges that the above conduct by Defendants constitutes (i) unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and (ii) a denial of Ms. Szabo's rights under the Family and Medical Leave Act of 1993.

### II. PARTIES

4. The Plaintiff, Sonia Szabo, is a resident of the Commonwealth of Massachusetts.

BU 0383

5. The Defendant, Trustees of Boston University, is on information and belief a business institution duly authorized to conduct business in the Commonwealth of Masachusetts and which employs in excess of fifty (50) individuals.

6. The Defendant, Robert Labadie, is on information and belief, a supervisor employed by Defendant University and resides in the Commonwealth of Massachusetts.

7. The Defendant, Jag Bhawan, is on information and belief, a director employed by Defendant University and resides in the Commonwealth of Massachusetts.

### III. JURISTICTION

8. Plaintiff's retaliation claim is brought pursuant to a "Notice of Right To Sue" issued by the U.S. Equal Employment Opportunity Commission ("EEOC") (see **Exhibit #1**).

8A. Plaintiff's claim for violation of the Family and Medical Leave Act of 1993 is brought against Defendants pursuant to 29 U.S.C. s. 2601-2654 (1988 & Supp. V 1993).

### IV. FACTS

9. Ms. Szabo began employment with the University on or about December, 1991 as a histology technician.

10. On or about the summer of 1993, Ms. Szabo's immediate supervisor, Mr. Labadie, made vulgar, unwelcome sexually offensive remarks to Ms. Szabo.

11. Ms. Szabo was deeply offended by these remarks and immediately told Mr. Labadie that she (Ms. Szabo) did "not appreciate" said remarks and would complain to Mr. Labadie's superiors.

12. Ms. Szabo complained to the director of the histology lab, Mr. Bhawan, concerning said remarks by Mr. Labadie.

13. Ms. Szabo states that Mr. Bhawan did not take her complaint seriously and made a statement to the effect "what do you expect me to do about it."

14. Ms. Szabo subsequently complained about Mr. Labadie's conduct to Barbara Gilchrist, Chairperson of the Dermatology Department.

15. Ms. Gilchrist told Ms. Szabo that her complaint was a "very serious matter" and that she (Ms. Gilchrist) would investigate the matter and speak with Mr. Labadie.

16. The following day, Mr. Labadie called Ms. Szabo into his office and told her "I don't know why you're pushing this but you won't get away with it."

17. Ms. Szabo asked Mr. Labadie what he meant by this remark.

18. Mr. Labadie responded in a statement to the effect that "you went to Barbara Gilchrist and told her what I said to you...I'll get even with you for that."

19. On repeated occasions thereafter, Mr. Labadie threatened Ms. Szabo by making statements to the effect that she "watch out...I'm keeping a file on you...you'll pay for talking about me."

19A. These threats by Mr. Labadie made Ms. Szabo's work environment extremely stressful and difficult, insofar as Ms. Szabo believed it was clear Mr. Labadie intended to terminate her employment with the University.

20. Mr. Labadie changed the work schedule of the dermatology lab thereafter in a manner which made it difficult for Ms. Szabo to care for her young child. Mr. Labadie told Ms. Szabo that he had made this change specifically because of her (ie. Ms. Szabo)" and that "we're not here to accomodate you."

21. Ms. Szabo became pregnant on or about July, 1994.

21A. This pregnancy was extremely difficult and was characterized by Ms. Szabo's doctor as a "high risk pregnancy."

21B. Ms. Szabo was placed by her doctor in the "high risk (pregnancy) units" of Boston City Hospital and Brigham & Women's Hospital.

22. Ms. Szabo was forced to take a significant amount of sick leave as a direct result of the complications arising out of her pregnancy.

23. In December, 1994, on the advice of her doctor, Ms. Szabo made a request for maternity leave to Mr. Labadie.

24. Mr. Labadie told Ms. Szabo to "go to Barbara MacKenly" (a University personnel officer) in connection with said request for maternity leave.

BU 0385

25. Ms. Szabo spoke with Ms. MacKenly as instructed by Mr. Labadie. Ms. MacKenly told Ms. Szabo that she would have to obtain the necessary forms to obtain maternity leave from Mr. Labadie.

26. Ms. Szabo went back to Mr. Labadie and informed him that Ms. MacKenly had indicated he (ie. Mr. Labadie) had to provide Ms. Szabo with said maternity leave forms.

27. Mr. Labadie told Ms. Szabo that he "didn't have any forms" and refused to allow her request for maternity leave.

28. Ms. Szabo's medical condition deteriorated in January and February 1995 in regard to her pregnancy. Ms. Szabo's doctor strongly advised her to take extended medical leave.

29. In February, 1995, Ms. Szabo again made a request for maternity leave to Mr. Labadie in accordance with her doctor's advice.

30. Ms. Szabo was again instructed by Mr. Labadie to speak with Ms. MacKenly in connection with said request.

31. Ms. Szabo spoke with Ms. MacKenly as instructed by Mr. Labadie. Ms. MacKenly reiterated that Ms. Szabo would have to obtain the necessary "forms" from her immediate supervisor, Mr. Labadie.

32. Ms. Szabo states that she became increasingly frustrated and desperate regarding the repeated denial of her requests for maternity leave and in particular the disingenuous manner in which such denials were made.

33. Ms. Szabo sought relief with a separate University personnel officer regarding her request for maternity leave.

34. This personnel officer told Ms. Szabo that her immediate supervisor, Mr. Labadie "had" to give her maternity leave request forms so that she could apply for maternity leave.

35. Ms. Szabo again asked Mr. Labadie for the necessary forms. Mr. Labadie again stated that he purportedly "didn't have any."

36. Ms. Szabo thereafter spoke with said personnel officer and informed him tha Mr. Labadie had again refused to provide her with the necessary maternity leave forms.

36A. Said personnel officer gave Ms. Szabo a leaflet which outlined her legal rights to maternity leave. He failed to provide further assistance to Ms. Szabo with respect to her obtaining maternity leave.

37. Ms. Szabo informed her doctor that she was unable to obtain maternity leave from her employer.

38. Ms. Szabo states that her doctor expressed deep concern over this denial and suggested that said denial was illegal. Ms. Szabo's doctor reiterated that she "had" to take time off from work in connection with her pregnancy.

39. Ms. Szabo complied with her doctor's advice and took several weeks of "sick leave" in March, 1995 in connection with said pregnancy. Ms. Szabo's doctor provided a "doctor's note" in conection with this sick leave.

40. Ms. Szabo's pregnancy ended in a stillbirth on or about March, 1995.

40A. After being out of work on sick leave for approximately two weeks, Ms. Szabo was forced to return to work almost immediately after said stillbirth as a result of the denial of her maternity leave requests.

40B. Ms. Szabo states that she suffered extreme physical and emotional harm as a result of the denial of her maternity leave requests and the fact that she was forced to return to work so soon following said stillbirth.

41. In December, 1994, on information and belief, Ms. Szabo was the only individual employed in the dermatology lab not to receive a Christmas bonus.

42. In October, 1995, Ms. Szabo made a request to Mr. Bhawan that she be allowed to obtain certification from the American Association of Clinical Pathology as a histology technician.

43. In order to qualify for such certification, it was necessary for Ms. Szabo to obtain the signature of a lab director (ie. Mr. Bhawan). Without such signature, Ms. Szabo could not take the certification examination.

44. Mr. Bhawan refused to provide this signature, thus denying Ms. Szabo the opportunity to become certified as a histology technician.

45. Mr. Bhawan failed to provide a reasonable explanation for said denial.

46. On information and belief, no other individuals employed in the dermatology lab were refused the opportunity to become certified in October, 1995.

46A. Moreover, Ms. Szabo states that certain co-workers were provided the opportunity to become certified as histology technicians in October, 1995.

47. On or about October 20, 1995, Ms. Szabo's employment with the University was terminated by the Defendants.

48. As a purported reason for this termination, Defendants cited alleged problems with Ms. Szabo's attendance.

49. Ms. Szabo states that this reason was not legitimate, and points out that the problems with her attendance as alleged by Defendants, arose largely as a result of the unlawful denial of Ms. Szabo's request for maternity leave which necessitated her taking a large amount of sick leave.

49A. Ms. Szabo states that on several occasions she was taken directly from work to hospital emergency rooms in connection with complications arising from said pregnancy.

50. Ms. Szabo believes the conduct of Defendants as illustrated above was in retaliation for her having made said complaint of sexual harrassment.

50A. Within the applicable statutory notice period, Ms. Szabo filed a claim for retaliation against Defendants with EEOC (see **Exhibit#2**).

**CLAIMS AGAINST DEFENDANT TRUSTEES OF BOSTON UNIVERSITY**

**COUNT I    RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991**

51. Paragraphs 1 through 50 are hereby repeated, realleged and incorporated by reference as if fully set out herein.

52. The Defendant retaliated against Plaintiff for making a complaint of sexual harrassment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

**COUNT II   VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

BU 0388

53. Paragraphs 1 through 50 are hereby repeated, realleged and incorporated by reference as if fully set out herein.

54. The Defendant's denial of Plaintiff's repeated requests for maternity leave constitutes a violation of the Family and Medical Leave Act of 1993.

## CLAIMS AGAINST DEFENDANT ROBERT LABADIE

## COUNT III   RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

55. Paragraphs 1 through 50 are hereby repeated, realleged and incorporated by reference as if fully set out herein.

56. The Defendant retaliated against Plaintiff for making a complaint of sexual harrassment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

## COUNT IV   VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

57. Paragraphs 1 through 50 are hereby repeated, realleged and incorporated by reference as if fully set out herein.

58. The Defendant's denial of Plaintiff's repeated requests for maternity leave constitutes a violation of the Family and Medical Leave Act of 1993.

## CLAIMS AGAINST DEFENDANT JAG BHAWAN

## COUNT V   RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

59. Paragraphs 1 through 50 are hereby repeated, realleged and incorporated by reference as if fully set out herein.

60. The Defendant retaliated against Plaintiff for making a complaint of sexual harrassment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

## COUNT VI   VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

61. Paragraphs 1 through 50 are hereby repeated, realleged and incorporated by reference as if fully set out herein.

62. The Defendant's denial of Plaintiff's repeated requests for maternity leave constitutes a violation of the Family and Medical Leave Act of 1993.

**WHEREFORE:** Plaintiff requests that following a trial by jury, the Court award her compensatory damages, monetary damages, emotional distress damages, punitive damages, attorneys fees and costs and any other relief deemed appropriate by the Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

> Respectfully submitted
> Plaintiff
> By Her Attorneys,
>
> *Robert A. Rossi*
> Robert A. Rossi (BBO# 564940)
> Law Office of William F. Green
> One Main Street- P.O. Box 25
> Kendall Square
> Cambridge, MA 02142
> (617) 354-1550

Filed: **April 17, 1996**

MICV2004-02072

JOHN WALSH

vs.

BOSTON UNIVERSITY

****REMOVED TO US DISTRICT COURT****

BU 0422

Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT
THE TRIAL COURT
CAMBRIDGE

MICV2004-02072

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 18th of May in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 9th of July, in the year of our Lord, Two Thousand Four

_Karen A. O'Connor_
Deputy Assistant Clerk

BU 0423

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN WALSH,

    Plaintiff,

vs.

TRUSTEES OF BOSTON UNIVERSITY,

    Defendant.

CIVIL ACTION NO. 04-2072

NOTICE OF REMOVAL

Removing party, defendant Trustees of Boston University, by its undersigned attorney, respectfully states:

1.     Removing party is the defendant in the above-entitled action.

2.     On May 18, 2004, the above-entitled action was commenced against the removing party in Middlesex County (Massachusetts) Superior Court and is now pending therein. The case has been assigned Docket Number 04-2072.

3.     Copies of the summons and complaint in the above-entitled action were served on the removing party on May 27, 2004, and are attached hereto.

4.     There have been no further proceedings in this action.

5.     According to the complaint, plaintiff John Walsh is a resident of the Commonwealth of Massachusetts.

6.     Defendant Trustees of Boston University is a corporation registered in accordance with the laws of the Commonwealth of Massachusetts, and doing business therein.

BU 0424

7.  The above-entitled action is a civil action in which the plaintiff asserts, inter alia, that defendant engaged in conduct in violation of rights secured by the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act, 29 U.S.C. § 12101 et seq., and various Massachusetts statutes.

8.  The United States District Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

WHEREFORE, the removing party respectfully requests that the above-entitled action be removed from the Middlesex County (Massachusetts) Superior Court to United States District Court for the Eastern District of Massachusetts.

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY,
By its attorney,

*/s/ Lawrence S. Elswit*

Lawrence S. Elswit (BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
(617) 353-2326

Date: June 7, 2004

BU 0425