## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LINDA MELLEN,**
    **Plaintiff,**

**v.**

**TRUSTEES OF BOSTON**
**UNIVERSITY and FRANCES**
**A. DROLETTE,**
    **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF HARRY C. BEACH IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA UPON NON-PARTY

(1) I serve as counsel of record for Linda Mellen in this action.

(2) I first learned in or about late May 2006 that the *Pivacek/Leavy* litigation against Boston University involved allegations of University misconduct regarding employee leave, including FMLA leave.

(3) In early June 2006, I began my efforts to contact and communicate with the Law Office of Wendy A. Kaplan regarding its production to me of documents relating to the *Pivacek/Leavy* matter, including by email and telephone.

(4) I also obtained certain *Pivacek/Leavy* documents that were publicly available at the Suffolk County (Mass.) Superior Court.

(5) Attorney Kaplan's office was generally unresponsive to my request for documents.

(6) In or about the second half of July 2006, Attorney Kaplan's office requested that I serve it with a subpoena regarding the documents I wanted.

(7) I was on a family vacation August 10-20, 2006

(8) On or about August 23, 2006, I caused a subpoena to be served upon Attorney Kaplan's office by certified mail.

(9) On or about August 28, 2006, I learned that service of my client's subpoena for documents had been effected upon Attorney Kaplan's office.

(10) On the same day that I learned that the subpoena had been served, I notified University counsel for the defendants of that fact, in writing.

So stated upon my personal knowledge and information, under the pains and penalties of perjury, this 19th day of September 2006.

Harry C. Beach