AVERY™

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

No. 04-10644-MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LINDA MELLEN,**
      **Plaintiff,**

**v.**

**TRUSTEES OF BOSTON**
**UNIVERSITY and FRANCES**
**A. DROLETTE,**
      **Defendants.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA *DUCES TECUM*, WITH CROSS-MOTION FOR SANCTIONS

**I.**    **PLAINTIFF'S RESPONSE**

    **A. False Representation**

      Defendants falsely represent that plaintiff, in her Opposition to defendants'

Motion to Quash Subpoena, "carefully avoid[ed] quoting" the specific Rule 34 request

that encompassed the *Pivacek/Leavy* documents. *See* defendants' Reply, p. 4. In fact, the

plaintiff quoted each of the pertinent Rule 34 requests (Nos. 3, 4, and 9) she served on

defendants, on page 5 of her Opposition. *See* plaintiff's Opposition to defendants'

Motion to Quash, attached hereto.

    **B. Misleading Representations**

      (1) Defendants mislead the Court by representing that the FMLA was mentioned

only once in the *Pivacek/Leavy* litigation. *See* defendants' Reply, p. 2. In fact, as

plaintiff addressed in her Opposition and as defendants knew when they filed the instant

Reply, critical evidence of defendants' misconduct in *Pivacek/Leavy* involved a letter that Dr. Chobanian wrote to the plaintiff Pivacek.  In the Chobanian letter, the University's employee leave policies, including the FMLA, played a prominent role.  *See* Chobanian-Pivacek letter, attached at Tab 2 to plaintiff's Opposition to defendants' Motion to Quash. Defendants, however, failed to address the Chobanian-Pivacek letter in their Reply.[1]

(2)  In their Reply, defendants misleadingly isolate Request No. 9 of plaintiff's request for production of documents.  Defendants fail to address, however, plaintiff's Requests Nos. 3 and 4 – which plaintiff quotes in her Opposition - which sought documents relating to defendants' employee leave policies and practices.  These Requests should have compelled defendants to produce the *Pivacek/Leavy* documents, given that Boston University had allowed *Pivacek/Leavy* 9+ months of vacation and sick leave without terminating them, yet failed to give the FMLA-authorized Mellen even a single day of vacation or sick leave.  Had defendants timely disclosed such responsive documents, plaintiff would have gained additional evidence that the University treated Mellen with disparate harshness.

(3)  In their Reply, defendants did not address the false and/or misleading deposition testimony of its Director of Personnel, George Snowdon, regarding the *Pivacek/Leavy* litigation.  *See* plaintiff's Opposition, p. 6.  It was this testimony, coupled with defendants' failure to produce the *Pivacek/Leavy* documents in their Rule 34 response, which prevented plaintiff from discovering the relevance of *Pivacek/Leavy* during the discovery period.

---

[1]     Notwithstanding defendants' submission, *Pivacek/Leavy* also alleged FMLA-qualifying conditions in their Complaint.  *See* Complaint at para. 54, attached at Tab 1 to plaintiff's Opposition to defendants' Motion to Quash.

2

(4) Defendants attempt to support their weak argument by speculating that plaintiff only wants to "tar" defendants with the "serious and dramatic allegations" of the *Pivacek/Leavy* litigation. At issue at present, however, is not the admissibility of the *Pivacek/Leavy* documents. What is at issue now is whether a subpoena to a third-party should be enforced given defendants' wrongful non-disclosure of requested and discoverable documents during the discovery period.

## II. CROSS-MOTION FOR COSTS

In light of defendants false and misleading Reply, plaintiff requests the entry of costs, including attorneys' fees, against defendants in accordance with Fed.R.Civ.P., R. 37(a)(4)(B) and R. 26(c).

The plaintiff, **Linda Mellen**, by her attorney,

_____
Harry C. Beach BBO#547893
**Law Offices of Harry C. Beach**
30 Walpole Street
Norwood, MA 02062
Office: 781.255.5573
Cell: 617.968.4531
HBeach@HarryBeach.com

**October 3, 2006**

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) FAX
on October 3, 2006.

Signed: _____

3